.IN THE MATTER OF: THE PARSIPPANY-TROY HILLS EDUCATION ASSOCIATION, AN INCORPORATED NEW JERSEY ASSOCIATION, AND STEPHEN MARABETTI, ANNA HONIGFELD, CHARLES KUGELMEYER, ABRAHAM LERNER, PATRICIA DANISHEK AND MARY Mc NAY, ALL AS OFFICERS AND/OR NEGOTIATING MEMBERS OF THE PARSIPPANY-TROY HILLS EDUCATION ASSOCIATION, AND ALL MEMBERS OF THE PARSIPPANY-TROY HILLS EDUCATION ASSOCIATION AS A CLASS, CHARGED WITH CONTEMPT OF COURT.

Superior Court of New Jersey
Appellate Division

Submitted March 15, 1976—Decided March 16, 1976.

Before Judges KOLOVSKY, BISCHOFF and BOTTER.

*Goldberg, Simon & Selikoff,* attorneys for appellants (*Mr. Theodore M. Simon* appearing).

PER CURIAM. After the defendants had pleaded guilty to charges of contempt of court, *R.* 1:10–2, the trial court imposed a fine of $100,000 on the Parsippany-Troy Hills Education Association and a fine of $1,000 on each of the six individual defendants. Defendants appealed, contending that the penalties imposed were excessive.

In our opinion, filed December 2, 1975, we remanded the cause to the trial court for a hearing at which evidence might be offered relevant to the question we were called upon to decide, viz., the appropriate punishment. We retained jurisdiction.

Scheduled hearings before the trial court were adjourned, first at the request of defendants and then because the trial judge had been temporarily assigned to another county. Just

before the last date scheduled for hearing, defendants advised that they desired to withdraw their appeals and pay the fines. (Although the trial court's original order did not specify to whom the fines were to be paid, it is clear, as defendants acknowledge, that they are payable to the Clerk of the Superior Court. *In re Newark Teachers' Assn.*, 95 *N. J. Super.* 117 (App. Div. 1967).) The hearing was adjourned pending defendants' submission to this court of a formal motion for dismissal of the appeals.

That motion, with a supporting affidavit, has now been filed accompanied by a bank cashier's check for $100,000 in payment of the fine imposed on the Association and a certified check for $3,000, one-half of the total fines imposed on the six individual defendants. The individual defendants represent that they will pay the balance of $500 due from each, a total of $3,000, to the Clerk of the Superior Court on or before May 15, 1976.

On condition that that representation be complied with, we find no reason why the request of all defendants for a dismissal of the appeals should not be granted. That dismissal eliminates the need for the hearing heretofore ordered.

The appeals are dismissed, with prejudice.