189 N.J. Super. 578 (1983)
461 A.2d 193
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LOUIS P. FERRETTI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Law Division Essex County.
Decided April 29, 1983.
*579 E. Robert Levy for defendant-appellant (Levy and Lybeck, attorneys; Clark E. Alpert on the brief).
Marc J. Friedman for plaintiff-respondent (George L. Schneider, Essex County Prosecutor, attorney).
STERN, J.S.C.
Defendant seeks leave to appeal from interlocutory decisions of the Livingston Municipal Court which, in essence, declined to dismiss a complaint charging him with drunk driving in violation of N.J.S.A. 39:4-50 and declined to transfer the matter to the Superior Court, Law Division for jury trial. Defendant has twice previously been convicted of violating the same statute, and on this motion he attacks the provisions thereof relating to third and subsequent offenders. His motion is basically addressed to the alleged vagueness of N.J.S.A. 39:4-50, premised on the argument that it prescribes a "minimum" of 180 days imprisonment for third and subsequent offenders, but prescribes no "maximum" authorized sentence. Defendant also argues that the minimum mandatory sentence requires right to jury trial.
As noted, defendant's principal argument is that "the third offender provisions of N.J.S.A. 39:4-50 are unconstitutionally vague because of the failure to state any maximum punishment for a violation thereof." Related to this point defendant also argues that "N.J.S.A. 39:4-50 represents a complex statutory scheme of punishment, invalidity of any part of which affects *580 the validity of the entire statute, thus requiring that the statute be struck down in its entirety." Further, defendant contends that "even if the third offender provisions of the statute stated a fixed term, in contravention of the unambiguous language utilized by the Legislature, it would still be constitutionally mandatory for such offenses to be tried before a jury in the Superior Court, because of the extraordinary level of potential punishment involved."
As the vagueness argument must fall, defendant's motion for dismissal of the complaint must be denied.
It is, of course, to be presumed that the Legislature is aware of the requirements of organic law and that statutes should be construed, if possible, to save their constitutionality. E.g., In re DeMarco Suspension, 83 N.J. 25, 36-37 (1980); N.J. Chamber of Commerce v. N.J. Elec. Law Enforce. Comm'n, 82 N.J. 57, 75 (1980); State v. Profaci, 56 N.J. 346 (1970); Gangemi v. Berry, 25 N.J. 1 (1957). In this case, however, it is clear that the Legislature was keenly aware of the impact of an authorized statutory maximum sentence above 180 days or six months. This is evidenced by the provisions of N.J.S.A. 2C:1-4(a), (b).[1]See, e.g., Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970); Note, N.J.S.A. 2A:8-21; 2A:8-22; "Preserving Jurisdiction Under the Code," 7 Crim.J.Q. (1979). See, also, Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968); Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); State v. Gonzalez, 134 N.J. Super. 472 (App. *581 Div. 1975), mod. 69 N.J. 397 (1975); In re Yengo, 84 N.J. 111, 120-121 (1980), cert. den. 449 U.S. 1124, 101 S.Ct. 941, 67 L.Ed.2d 110 (1980); State v. Owens, 54 N.J. 153, 156-162 (1969), cert. den. 396 U.S. 1021, 90 S.Ct. 593, 24 L.Ed.2d 514 (1969).
Against this background[2] it can hardly be doubted that the Legislature would enact legislation which gave rise to the right of indictment[3] and trial by jury without recognizing the procedural requirements therefor. This is particularly true in light of the prior recognition by the Legislature of such right, cf. N.J.S.A. 2C:34-2; 37-1 et seq., R. 3:1-5, and the absence of contemporaneous amendments to N.J.S.A. 2A:8-21 and other statutes relating to jurisdiction. Moreover, it is inconceivable that the Legislature was unaware that cruel and unusual punishment and vagueness issues would be projected if it adopted legislation with no maximum. Hence, the statute cannot be interpreted as defendant suggests. Independently, the legislative history demonstrates that the actual intent was not to authorize a maximum above 180 days. Rather, the Legislature *582 prescribed a mandatory sentence of 180 days, subject to credits by virtue of community service. The Legislature merely deleted the relevant minimum and minimum-maximum aspects of N.J.S.A. 39:4-50 as it previously stood. The statement to Senate Bill 3466 which became L. 1981, c. 537, and the statement to the Senate Judiciary Committee amendments to S 3466, provided that "the mandatory jail term for a second offense would be for 90 days and for a third offense, for 180 days." (In one statement "second" and "third" were written; in the other figures were used). Nothing in the amendments to the bill changed the relevant provisions of the law between the time of introduction and time of enactment in this regard.[4] Moreover, § 2 of the bill as enacted regarding refusal to submit to a breatholizer specifically refers to municipal court jurisdiction.
I attach little significance to the language added to the mandatory sentence concerning "community service." The "not *583 less than" provision may be better understood in light of the community service alternative and supports my interpretation. But given the sponsors' statement appended to the original bill and the Senate Committee's statement, the addition does not control. The alternative was subsequently added on January 7, 1982 by the Assembly Judiciary Committee before enactment.
Defendant points to a subsequent committee statement in a subsequent amendment to N.J.S.A. 39:4-50, L. 1982, c. 58. However, committee statements cannot retroactively provide legislative history or interpretation contrary to intent at the time of enactment. Cf. State v. Jones, 188 N.J. Super. 201 (App.Div. 1983). Moreover, the provisions of chapter 58 of the Laws of 1982, providing for discovery in second and subsequent offender drunk driving cases, evidences legislative intent and understanding that these cases would be subject to municipal court jurisdiction and are not "crimes." See R. 7:4-2(g).
Accordingly, defendants convicted as third and subsequent offenders under N.J.S.A. 39:4-50 must be sentenced to serve 180 days in custody unless they are ordered to perform community service, as a result of which the term may be lowered as much as 90 days. Thus, there is no requirement of dismissal and no right of indictment or trial by jury. Hence, leave to appeal is denied.[5]
The Miranda issue becomes academic in light of my ruling on the maximum penalty. Various other issues are raised, including whether defendant should be treated as a third offender, ex post facto allegations and, perhaps, the validity of prior convictions as they impact on enhanced punishment. These issues should not be considered until after defendant is found guilty of again violating N.J.S.A. 39:4-50. Hence, leave to appeal thereon is denied.
NOTES
[1] As the authorized maximum controls, Baldwin v. New York, 399 U.S. 66, 69, 90 S.Ct. 1886, 1888, 26 L.Ed.2d 437 (1970), we need not consider the impact of the "community service" alternative. Defendant does not contend that the $1,000 maximum fine gives rise to the right to jury trial. See, e.g., In re Yengo, 84 N.J. 111, 120-121 (1980), cert. den. 449 U.S. 1124, 101 S.Ct. 941, 67 L.Ed.2d 110 (1980); See, also, In re Fair Lawn Ed. Ass'n, 63 N.J. 112 (1973); In re Parsippany-Troy Hills Ed. Ass'n, 140 N.J. Super. 354 (App.Div. 1975), mod. 140 N.J. Super. 420 (App.Div. 1976); N.J.S.A. 2C:43-8; cf. N.J.S.A. 2C:37-1 et seq.
[2] The State cites State v. Roth, 154 N.J. Super. 363 (App.Div. 1977), and other authority for the prosposition that prosecutions for violations of N.J.S.A. 39:4-50 are "quasi criminal" in the municipal court. Of course, that authority is under prior law, before the amendment, in light of the maxima as they stood at the time. While most violations of Title 39 are not "offenses" within the meaning of the Code of Criminal Justice, see N.J.S.A. 2C:1-14(k), to the extent "crimes" are embodied in that title, the provisions of the Code are applicable. See N.J.S.A. 2C:1-4; 1-5(b). The recent Supreme Court opinion in State v. Dively, 92 N.J. 573 (1983), cites N.J.S.A. 2C:1-4 and N.J.S.A. 39:4-50 in considering the ability to move an indictable offense after disposition of a "lesser included" motor vehicle violation. Language in that opinion (at 584-585) is quite appropriate in the context of this case, but the Supreme Court, of course, was not dealing with the issue here involved.
[3] Defendant has not raised the right of indictment under the State Constitution. But see N.J.S.A. 2C:1-4(a); N.J. Const. (1947), Art. 1, par. 8; State v. Dorsey, 64 N.J. 428, 434 (1974); State v. Owens, 54 N.J. 153, 158-161 (1969), cert. den. 396 U.S. 1021, 90 S.Ct. 593, 24 L.Ed.2d 514 (1969); In re Buehrer, 50 N.J. 501, 517-519 (1967); State v. Maier, 13 N.J. 235, 250-251, 260, 278 (1953).
[4] The State cites a number of cases for the fundamental proposition that, where possible, a statute should be construed to save its constitutionality. However, even if 180 days were not the "maximum" sentence in this case, the vagueness argument would have to fall in light of N.J.S.A. 2C:1-4, 1-5(b) and 43-1(a). As N.J.S.A. 2C:43-1(a) provides a maximum where none otherwise exists, the issue is not vagueness or constitutionality but whether there is a right to trial by jury in the Superior Court. N.J.S.A. 2C:1-4(a) provides:

An offense defined by this code or by any other statute of this State, for which a sentence of imprisonment in excess of 6 months is authorized constitutes a crime within the meaning of the Constitution of this State. Crimes are designated in this code as being of the first, second, third or fourth degree.
Clearly, not all offenses within Title 39 are "offenses," N.J.S.A. 2C:1-14(k), but those with authorized maxima above six months are "crimes." See, also, N.J.S.A. 2C:1-4(c); 2C:1-5(b). Crimes are classified within the code as of the first, second, third and fourth degree. "A crime is of the first, second, third or fourth degree when it is so designated by the code. An offense, declared to be a crime without specification of degree, is of the fourth degree." N.J.S.A. 2C:43-1(a). See, also, N.J.S.A. 2C:43-1(b). The classification concept within §§ 2C:1-4 and 2C:43-1 apply to non-Code "offenses." See N.J.S.A. 2C:1-5(b). Thus, even if a third offender is subject to an authorized maximum above 180 days, but without a maximum specified in N.J.S.A. 39:4-50, it must be treated as a fourth degree crime.
[5] The mandatory nature of the sentence is not challenged. See State v. Des Marets, 92 N.J. 62 (1983).