196 N.J. Super. 596 (1984)
483 A.2d 844
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
BRADLEY T. ZOPPI, DEFENDANT.
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DAVID MORGAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Law Division Monmouth County.
Decided August 15, 1984.
*598 Michele D. O'Shea for the State (John A. Kaye, Monmouth County Prosecutor, attorney).
Robert J. Holden for defendant Zoppi.
Stephen Moore for defendant Morgan (Francis X. Moore, attorney).
McGANN, J.S.C.
These motions for leave to appeal were consolidated because they involve the same substantive issue. In the Zoppi case the State seeks leave to appeal a decision of the Long Branch Municipal Court granting the defendant's application for a jury trial on the pending charge that he is a third offender drunk driver under N.J.S.A. 39:4-50. In the Morgan case, Morgan appeals a denial by the Atlantic Highlands Municipal Court on his similar application.
Although this issue was recently addressed in State v. Ferretti, 189 N.J. Super. 578 (Law Div. 1983), both defendants urge that this court is not bound by that decision and that its rationale should not be adopted. It is their position that at this *599 point in time the punitive consequences which the Legislature has added on to a finding of guilty on a third offense for drunk driving are so serious that, as a matter of constitutional law, a jury trial is required. The issue is worthy of reconsideration. Leave to appeal is granted. On that substantive issue and for reasons which follow, the decision of the Long Branch Municipal Court is reversed and that of the Atlantic Highlands Municipal Court is affirmed.
On January 21, 1984, defendant Zoppi was arrested and charged with violating N.J.S.A. 39:4-97 (careless driving); N.J.S.A. 39:4-50.2 (refusing to take a breath test) and N.J.S.A. 39:4-50 (driving while intoxicated). He concedes that he has been convicted of drunk driving twice before. If found guilty of all three charges he faces the following sentences:
1) Careless driving  a fine of not more than $50 or a jail term not exceeding 15 days or both [N.J.S.A. 39:4-203]
2) Refusal to take a breath test  two years revocation of license and a fine of not less than $250 nor more than $500 and attendance at an alcohol education program [N.J.S.A. 39:4-50.4a]
3) Drunk driving (third offender)
a) loss of license for ten years
b) jail for 180 days (mandatory)
c) fine of $1,000 [N.J.S.A. 39:4-50(a)(3)]
d) an insurance surcharge of $1,000 per year for three years. [N.J.S.A. 17:29A-35]
The hypothetical maximum sentence would be 195 days in jail, a fine of $1,550, revocation of driving privileges for 12 years, an insurance surcharge of $1,000 a year for three years. Such consequences are intended to be serious and are.
Defendant Morgan was arrested on October 23, 1983 and charged with violating N.J.S.A. 39:4-50. He, too, has been convicted twice before of driving while intoxicated and therefore faces the same penalties under N.J.S.A. 39:4-50 as a third offender as does Zoppi.
A person charged in New Jersey with an offense whose authorized term of imprisonment does not exceed six months is not entitled to indictment or jury trial on that offense. N.J.S.A. 2C:1-4; Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 *600 L.Ed.2d 437 (1970); Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); State v. Owens, 54 N.J. 153 (1969).[1]
The key to the jury trial analysis is the term of imprisonment which can be imposed. It is deprivation of liberty to which the Constitutions of both the United States and New Jersey look. Frank v. United States, 395 U.S. 147, 89 S.Ct. 1503, 23 L.Ed.2d 162 (1969); State v. Owens, above.
The amount of fine which can be imposed does not affect the constitutional decision. A fine of $1,000 has traditionally been held appropriate for many "petty" offenses. In re Buehrer, 50 N.J. 501 (1967); In re Yengo, 84 N.J. 111 (1980); See N.J.S.A. 2C:43-3. Indeed, a fine of up to $10,000 where the maximum custodial time is limited to six months has no effect on the right to a jury trial. State v. Tenriero, 183 N.J. Super. 519 (Law Div. 1981). The fine is irrelevant on the issue of the Fourteenth Amendment right to a jury trial. That is so because a fine cannot be used as an indirect method of lengthening a custodial sentence which may also have been imposed. It is a violation of due process to jail a person for failure to pay a fine when one has been imposed, when he cannot do so, or when he can do so but only in reasonable installments. State v. DeBonis, 58 N.J. 182 (1971).
As stated in Muniz v. Hoffman, 422 U.S. 454, 95 S.Ct. 2178, 45 L.Ed.2d 319 (1975):
No talismanic significance is to be accorded the $500 monetary fine limit on petty offenses. It is one thing to hold that deprivation of an individual's liberty beyond a six month term should not be imposed without the protection of a jury trial, but it is quite another to suggest that, regardless of the circumstances, a jury trial is required where any fine greater than $500 is contemplated. [422 U.S. at 477, 95 S.Ct. at 2190.]
A sentence of 180 days in jail together with a fine of $1,000 does not implicate the right to a jury trial. Does the additional deprivation of a license to operate a motor vehicle for ten years tip the constitutional scale in favor of a jury trial? Clearly, it does not. That deprivation is not a civil disability *601 resulting from a conviction for crime that is alluded to in State v. Owens, above, 54 N.J. at 160. Driving a motor vehicle on the highways is a privilege  not a constitutionally protected right. The State may encumber that privilege with reasonable pre-conditions and may impose a continuing condition of non-abuse for the retention of the privilege. One who has abused the privilege by three proven drunk-driving violations cannot be heard to complain, if his privilege is removed for ten years. See State v. Dively, 92 N.J. 573, 588-589 (1983); Kelly v. Gwinnell, 96 N.J. 538 (1984).
Significantly, our Legislature did not consider any added civil penalty to be part of the sentence for an "offense" and permitted such civil penalties to continue. N.J.S.A. 2C:43-2(d) provides:
This chapter does not deprive the court of any authority conferred by law to decree a forfeiture of property, suspend or cancel a license, remove a person from office, or impose any other civil penalty. Such a judgment or order may be included in the sentence.
While the revocation of one's driving privilege is "a consequence of magnitude" that is serious enough to call into play the right to counsel, Rodriguez v. Rosenblatt, 58 N.J. 281 (1971), and the right to advice concerning basic constitutional rights before custodial questioning can be effective, Berkemer v. McCarty, ___ U.S. ___, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984), 35 Cr.L. 3192, it is not a civil disability resulting from a conviction of crime which, when added to a six-month sentence causes a right to a jury trial to arise.
Has the recent addition by the Legislature of the insurance surcharge tipped the balance? Is a third offense for drunken driving an offense which "lies near the line" (Duncan v. Louisiana, above, 391 U.S. at 161, 88 S.Ct. at 1453) so that any additional legislative burden on a finding of guilt places it in the area of a constitutionally guaranteed jury trial? The answer must be no. The insurance surcharge is a burden on the privilege. Similar to a fine it does not involve that deprivation of freedom which lies at the heart of the jury trial requirement. One doesn't have to pay the surcharge. Failure to do so *602 does not involve imprisonment but rather continued suspension of driving privileges. N.J.S.A. 17:29A-35.
Defendant, Zoppi, makes an additional argument. As indicated above, his hypothetical maximum custodial sentence on all charges could be 195 days in jail resulting from consecutive sentences of 15 days for careless driving and 180 days for drunk driving. He relies on the suggestion made in State v. Owens, above. The context there was the trial of three disorderly persons assault charges and an ordinance violation arising from a quarrel between a couple living together. The totality of the possible custodial sentences exceeded six months. Our Supreme Court said:
We doubt that the Constitution requires trial by jury merely because several charges are tried together rather than successively. Nonetheless, and apart from possible constitutional compulsion, it would accord with the realities of the situation to say that trial by jury is relevant when, as here, the several petty offenses are factually related and arise out of a single event. In such circumstances, the prosecutor (or the municipal court if there is no prosecutor) should offer the defendant a jury trial, and if such offer is not made, then the sentences may not total more than the maximum authorized for a petty offense. Cf. In re Buehrer, supra 50 N.J. at 520. [54 N.J. at 163]
There is authority cited for the proposition that aggregation of possible sentences (each of them six months or less) automatically requires that all charges be tried by a jury. At best, the statement in Owens may be read as indicating by way of policy (not constitution) an offer of a jury trial would be better than no offer. However, it is clear that if no offer is made, the custodial sentence cannot be more than six months.
In this case the trial judge (assuming conviction on both careless driving and drunk driving) will have to decide whether principles of merger apply. If they do, there is no problem for the maximum sentence is 180 days. If merger does not apply then Owens would seem to limit the sentence to 180 days.[2]
Both matters are remanded to the respective municipal courts for trial.
NOTES
[1] An excellent analysis of the subject is contained in State v. Tenriero, 183 N.J. Super. 519, 521-523 (Law Div. 1982).
[2] It may well be that in light of N.J.S.A. 2C:43-10(d) and (b) the Supreme Court would reexamine that position.