**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1381-19T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DONTE SPAIN,

    Defendant-Appellant.

_____

Submitted December 7, 2020 – Decided  December 23, 2020

Before Judges Fasciale and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Municipal Appeal No. A-5-19.

Blank Rome LLP, attorneys for appellant (Thomas M. Brodowski, Jr., on the briefs).

Christine A. Hoffman, Acting Gloucester County Prosecutor, attorney for respondent (Jonathan E. W. Grekstas, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Donte Spain appeals from an October 25, 2019 order of the Law Division finding him guilty of driving while on the suspended list after a de novo review of the record from the municipal court proceeding in accordance with Rule 3:23-8.  We affirm.

We summarize the facts from the record before the municipal court.  On January 1, 2019, Officer Kenneth Barbagli of the Glassboro Police Department saw a grey Mitsubishi car speeding.  The officer activated his radar gun and confirmed the car was travelling at sixty miles per hour despite the thirty-five mile per hour speed limit.[1]  The officer then stopped the car.

Officer Barbagli learned defendant was the driver of the car and his license was suspended.  According to the officer, defendant was "pretty uncooperative during the stop."  Additionally, the officer noticed the inspection sticker on the car expired.  Defendant told the officer he was not "driving" but instead was "traveling" because he was not paid to drive on the roads.

The following summons were issues to defendant: driving with a suspended license, N.J.S.A. 39:3-40; failing to have a valid inspection, N.J.S.A.

---

[1]  The radar gun reading was not admitted in the municipal court proceeding because the State failed to provide the proofs necessary to admit the reading as evidence.

2

39:8-1; and speeding, N.J.S.A. 39:4-98.29. On January 10, 2019, the Glassboro Municipal Court held an initial hearing and scheduled trial for February 28, 2019. The original trial date was adjourned, and the trial took place on April 25, 2019. Defendant was self-represented at the municipal court trial.

The municipal court judge dismissed the speeding violation because the State failed to introduce evidence by way of "radar certifications or certifications [from] an officer on the date in question" to sustain the speeding charge. However, the municipal court judge concluded the State "clearly met [its] burden of proof beyond any reasonable doubt" as to the remainder of the charges and found defendant guilty of driving with a suspended license and an expired inspection sticker. After considering the charges and defendant's driving history, the municipal court judge sentenced defendant to ten days in jail or, in the alternative and if eligible, participation in the Sheriff's Labor Assistance Program. In addition, the judge levied monetary fines and court costs and suspended defendant's driver's license for six months.

Defendant filed a notice of appeal from his municipal court conviction with Superior Court, Law Division, and was assigned counsel to represent him on the municipal appeal.

A-1381-19T4

After conducting a trial de novo on October 25, 2019, the Law Division judge rendered an oral decision, concluding there was a sufficient basis in the record to find defendant guilty beyond a reasonable doubt of driving while suspended and driving without a valid inspection. The Law Division judge found the officer had a reasonable, articulable suspicion to stop defendant's car based upon the officer seeing the car travelling at a high rate of speed. She stated, "It certainly is a reasonable, articulable suspicion for an officer that's able to observe a car traveling a route where he knew the speed limit . . . where [the car] appeared to be going fast."

The Law Division judge rejected defendant's argument that he was "travelling" and not driving when the officer stopped the car. She noted, "whether [defendant] was driving and traveling or traveling and driving, the bottom line is, [defendant] did not have the authority granted by the State of New Jersey to be operating a motor vehicle on that street." The Law Division judge explained "the traditional examination of the word traveling deals with whether there is traveling between different states, such as going from Pennsylvania to New Jersey or New Jersey to Delaware or New Jersey to New York." She imposed the same sentence as the municipal court judge but stayed defendant's sentence pending appeal to this court.

A-1381-19T4

On appeal, defendant raised the following argument:

> THE LAW DIVISION ERRED WHEN IT FOUND THAT A REASONABLE ARTICULABLE SUSPICION EXISTED TO STOP THE VEHICLE.

"[A]ppellate review of a municipal appeal to the Law Division is limited to 'the action of the Law Division and not that of the municipal court.'" State v. Hannah, 448 N.J. Super. 78, 94 (App. Div. 2016) (quoting State v. Palma, 219 N.J. 584, 591-92 (2014)). "In reviewing a trial court's decision on a municipal appeal, we determine whether sufficient credible evidence in the record supports the Law Division's decision." State v. Monaco, 444 N.J. Super. 539, 549 (App. Div. 2016). We must "determine whether the findings made could reasonably have been reached on sufficient credible evidence present in the record." State v. Johnson, 42 N.J. 146, 162 (1964). "When the reviewing court is satisfied that the findings and result meet this criterion, its task is complete and it should not disturb the result . . . ." Ibid.

A review of a municipal court conviction by the Superior Court is conducted de novo on the record. R. 3:23-8. The Superior Court should defer to the municipal court's credibility findings. State v. Locurto, 157 N.J. 463, 470-71 (1999) (citing Johnson, 42 N.J. at 161-62). However, "[o]n a de novo review on the record, the reviewing court . . . is obliged to make independent findings

of fact and conclusions of law, determining defendant's guilt independently but for deference to the municipal court's credibility findings." Pressler & Verniero, Current N.J. Court Rules, cmt. 1.1 on R. 3:23-8 (2021).

Defendant argued the traffic stop was improper because there was no "articulable and reasonable suspicion" supporting the stop. We disagree.

"Law enforcement officers 'may stop motor vehicles where they have a reasonable or articulable suspicion that a motor vehicle violation has occurred.'" State v. Barrow, 408 N.J. Super. 509, 517 (App. Div. 2009) (quoting State v. Murphy, 238 N.J. Super. 546, 533 (App. Div. 1990)). Reasonable suspicion is present when an officer is "able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Ibid. (quoting Terry v. Ohio, 392 U.S. 1, 21 (1968)). Reasonable suspicion is less burdensome than a preponderance of the evidence or probable cause but must be more "than an 'inchoate or unparticularized suspicion or' 'hunch.'" Ibid. (quoting United States v. Sokolow, 490 U.S. 1, 7 (1989)). In other words, "[t]he State need not prove that the suspected motor vehicle violation has in fact occurred, only that the officer has a reasonable, articulable, and objective basis for justifying the stop." Id. at 518 (citing Locurto, 157 N.J. at 470).

"In evaluating the facts giving rise to the officer's suspicion of criminal activity, courts are to give weight to 'the officer's knowledge and experience' as well as 'rational inferences that could be drawn from the facts objectively and reasonably viewed in light of the officer's expertise.'" State v. Citarella, 154 N.J. 272, 279 (1998) (quoting State v. Arthur, 149 N.J. 1, 10-11 (1997)). An officer may still have reasonable suspicion even if the acts could be construed as "purely innocent" so long as "a reasonable person would find the actions are consistent with guilt." Id. at 279-80 (quoting Arthur, 149 N.J. at 11).

Having reviewed the record, we are satisfied there was sufficient credible evidence to support the Law Division judge's finding the officer had a reasonable or articulable suspicion that defendant was speeding based on the officer's knowledge of the posted speed limit and his observation of the car's rate of travel. An officer's observation of a speeding vehicle is sufficient to establish a reasonable and articulable suspicion. See Locurto, 157 N.J. at 468 (rejecting the court's finding "that an officer's testimony that a vehicle [wa]s traveling at a 'high rate of speed' [wa]s too 'vague, speculative, and arbitrary' to provide a reasonable and articulable suspicion that defendant was violating the law").

We next consider defendant's argument that he was traveling and not driving at the time he was stopped and therefore did not need a valid driver's license. Again, we disagree.

There is no constitutionally protected right to drive. See State v. Hamm, 121 N.J. 109, 124 (1990). Consistent with its police powers, the State may place reasonable restrictions on an individual's ability to drive on public roadways. State v. Kabayama, 98 N.J. Super. 85, 88 (App. Div. 1967) ("The right of movement does not and, in the nature of things, cannot confer upon the motorist, . . . the right of 'untrammeled movement' on a public highway."); State v. Zoppi, 196 N.J. Super. 596, 601 (Law Div. 1984) ("The State may encumber [the] privilege [to drive] with reasonable pre-conditions and may impose a continuing condition of non-abuse for the retention of the privilege.").

Our Legislature has promulgated numerous statutes governing the operation of motor vehicles within the State. N.J.S.A. 39:3-10 provides "[a] person shall not drive a motor vehicle on a public highway" unless that person is in possession of a "basic driver's license issued to that person in accordance" with the law. N.J.S.A. 39:3-40 states "[n]o person to whom a driver's license has been refused or whose driver's license or reciprocity privilege has been suspended or revoked, or who has been prohibited from obtaining a driver's

license shall personally <u>operate</u> a motor vehicle during the period of refusal, suspension, revocation, or prohibition." (emphasis added).

The Law Division judge avoided a semantic discussion of the terms "traveling" and "driving," finding defendant was "operating" the motor vehicle. She indicated the "authority to issue speed limits and regulations regarding traveling, operating a motor vehicle and being on the streets of the State of New Jersey" are within the State's police powers. Because defendant was the only one in the car, the Law Division judge determined defendant was operating the car at the time the officer stopped the vehicle.[2] By statute, defendant was required to have a valid driver's license to operate the car but his license was suspended at the time of the motor vehicle stop.

Defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] Defendant conceded the car was not operated remotely or a self-driving vehicle.

A-1381-19T4