65 N.J. Super. 271 (1961)
167 A.2d 664
EDWARD J. CAINE, PLAINTIFF,
v.
ANCHOR PETROLEUM COMPANY, A CORPORATION OF THE STATE OF OKLAHOMA, AND CENTRAL RAILROAD OF NEW JERSEY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Submitted January 9, 1961.
Decided January 26, 1961.
*272 Before Judges CONFORD, FREUND and KILKENNY.
Messrs. Lamb, Langan and Blake (Mr. H. Curtis Meanor, of counsel), attorneys for defendant Anchor Petroleum Company.
Mr. Samuel Kaplan (Mr. Seymour Feingold, of counsel), attorney for plaintiff.
*273 PER CURIAM.
This is an application for leave to appeal from an interlocutory order, entered after a pretrial conference, precluding a plenary trial of the issue of lack of jurisdiction over the person of the defendant, Anchor Petroleum Company, a foreign corporation. The order was based upon a previous determination denying a motion to dismiss for lack of jurisdiction prosecuted under R.R. 4:12-2. That disposition was on affidavits, unattended by any request by the defendant to have the motion considered on plenary proofs. This court previously denied leave to appeal from the order denying the motion to dismiss.
We are denying the present application, partly on the basis of defendant's failure to request the taking of testimony at the time of its original motion to dismiss, but primarily because any harm to defendant in denying the motion is outweighed by the undesirability of the delay in the litigation attendant upon its grant.
It appears to us that ordinarily a defendant wishing to challenge jurisdiction should elect whether to request oral proofs or to submit on affidavits, and that thereafter the question of renewal of the motion on oral proofs should rest in the discretion of the trial court. Cf. Miklos v. Liberty Coach Co., 48 N.J. Super. 591, 596 (App. Div. 1958); Riss & Company v. Association of Western Railways, 162 F. Supp. 69 (D.C.D.C. 1958).
We suggest, however, that the trial of the matter on the merits in the present case may well develop facts which the court might possibly find more determinative on the question whether the contacts of the defendant with the State of New Jersey were sufficient to make it amenable to jurisdiction of our courts. In that event, the trial court might well reconsider its present determination that the question of jurisdiction is foreclosed from further consideration on the fuller record which will then have been made. See McGhan v. F.C. Hayer Co., 84 F. Supp. 540 (D.C.D. Minn. 1949); Lee-Wilson, Inc. v. General Electric Company, 222 F.2d 850 (1 Cir. 1955). Sometimes affidavits are too *274 inconclusive to justify determination of the issue, while the evidence at trial is more informative. See Frasier v. Twentieth Century-Fox Film Corp., 119 F. Supp. 495 (D.C.D. Neb. 1954). Certainly a court should dismiss for lack of jurisdiction whenever, at any stage of the proceedings, it is satisfied from the facts then of record that jurisdiction is absent.
Of course, we imply no opinion on the merits of the question of jurisdiction in this case.
Motion for leave to appeal denied.