197 N.J. Super. 49 (1984)
484 A.2d 38
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ALLAN STERN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 24, 1984.
Decided November 19, 1984.
*51 Before Judges KING, DEIGHAN and BILDER.
Tomar, Gelade, Kamensky, Klein & Lehmann, attorneys for appellant (Gerald B. Schenkman, on the brief).
Larry J. McClure, Bergen County Prosecutor, attorney for respondent (Susan W. Sciacca, Assistant Prosecutor, of counsel and on the letter brief).
PER CURIAM.
Defendant was convicted in the Oradell Municipal Court of theft by deception under $200 in violation of N.J.S.A. 2C:20-4. The original complaint had alleged a third degree offense (theft by deception over $500) but had been downgraded by the Bergen County Prosecutor's Office. He was sentenced to pay a $25 fine, $25 costs and a $25 penalty under the Violent Crimes Compensation Act. He was again convicted on a de novo appeal to the Law Division where he was sentenced to pay a $25 fine and $25 costs. Because the offense predated the effective date of the violent crimes penalty, it was not reimposed. On this appeal from the Law Division judgment, defendant contends the Municipal Court lacked jurisdiction to hear the matter because it was barred, alternatively, (1) by the statute of limitations for disorderly persons offenses; or (2) by the failure of the State to secure a waiver of trial by jury from the defendant for a fourth degree prosecution; or (3) by the lack of jurisdiction over third degree theft crimes in municipal court. In support of this, defendant further claims there was *52 no finding of fact as to the amount of the theft so that it is impossible to determine whether he was prosecuted for an indictable or disorderly persons offense. Defendant also contends the prosecution was improperly initiated on hearsay evidence and that the Prosecutor abused his discretion in down-grading the offense rather than dismissing it.
Prior to September 8, 1980, defendant was employed as a salesman. His employer had a policy of reimbursing its salesmen for "reasonable expenses associated with selling On Line Software business," including "car mileage ... to the area of the prospect, any tolls, any parking expenses, and reasonable meal or bar tabs associated with the sales call." Expenses would be paid for both the salesman and the customer or potential customer. In order to be reimbursed, the salesman filled out and signed weekly time and expense forms detailing any expenses associated with company business. Company policy required that receipts be attached to the expense sheets to document the claimed expenditures.
In 1980 an investigation by defendant's employer led it to a conclusion that defendant was guilty of theft by padding his expense account as a result of which on September 4, 1980 defendant's employment was terminated. On April 15, 1982 a criminal complaint was filed charging defendant with theft by deception "by purposely filing false expense vouchers for the period commencing April 2, 1978 and ending August 28, 1980 in the amount of $1,792.77." As already noted, the Bergen County Prosecutor declined to indict and referred the matter for trial as a disorderly persons offense.
At the trial de novo, the trial judge found double billing for expenses allegedly incurred on March 23 and 30, 1980. In each case a proper reimbursement claim was made supported by a credit-card charge slip and a second improper claim made supported by a stub from the restaurant check containing a *53 different date and a slightly different amount. The scheme was evident because the check number was imprinted on the stub and was also noted on the credit-card charge slip. Since these two improper claims totaling $42.15 were sufficient to prove the offense charged, the trial judge did not make further findings as to additional alleged double billing but noted:
There are other expenses which have been doubly submitted, which I find show an indication of deception in relation to submission of double expenses.[1]
Defendant's jurisdictional contentions are without merit. The complaint as originally filed charged an indictable offense and was filed well within the five-year statute of limitations. N.J.S.A. 2C:1-6(b)(1). Such a charge may be downgraded at any time if the original indictable offense was filed within the time applicable to that offense. N.J.S.A. 2C:1-6(d).
A prosecution is commenced for a crime when an indictment is found and for a non-indictable offense when a warrant or other process is issued, provided that such warrant or process is executed without unreasonable delay. Nothing contained in this section, however, shall be deemed to prohibit the downgrading of an indictable offense to a non-indictable offense at any time if the indictable offense was filed within the statute of limitations applicable to indictable offenses. N.J.S.A. 2C:1-6(d).
An "indictable offense" is "filed" within the meaning of this statute when the complaint charging an indictable offense is filed. In construing a statute the words must be considered in the context of the entire section and given a common-sense meaning which advances the legislative purpose. City of Newark v. County of Essex, 160 N.J. Super. 105, 113 (App.Div. 1978), aff'd 80 N.J. 143 (1979). In defining the commencement of an indictable prosecution, the Legislature referred to the return of the indictment  "when an indictment is found." By the use of the phrase "the indictable offense was filed," it must have been referring to a different time  the time when the *54 original indictable charge was filed. Such a construction advances the legislative intention to preserve the right of the prosecutor to administratively deal with indictable complaints by downgrading them rather than sending them for grand jury action, even though the statute of limitations has run for filing a non-indictable charge. N.J.S.A. 2C:1-6(b)(2). See also State v. Cummings, 122 N.J. Super. 540, 543-544 (App.Div. 1973); N.J.S.A. 2C:1-1(e).
There is nothing in the record before us to suggest that the indictable offense was charged intentionally to avoid the statute of limitations. We therefore are not required to consider a situation where the record suggests that charging an indictable offense was a sham or ploy to evade the one-year statutory bar to filing the appropriate disorderly persons offense charge.
Nor is there any merit to defendant's remaining contentions. The alleged inadequacy of the proofs presented to the grand jury cannot be raised for the first time on appeal, see R. 3:10-2, and defendant was not indicted. As defendant was tried for a disorderly persons offense, there was no right to a jury trial and the municipal court had jurisdiction to consider the matter. See State v. Ferretti, 189 N.J. Super. 578, 580-581 (Law Div. 1983), certif. den. 94 N.J. 606 (1983); State v. Zoppi, 196 N.J. Super. 596 (Law Div. 1984). Proof of theft in any amount sufficed for a disorderly persons conviction. See N.J.S.A. 2C:20-2(b)(3). We also note that hearsay evidence was competent for the purposes of a complaint or indictment. See State v. Thrunk, 157 N.J. Super. 265, 278 (App.Div. 1978). The decision to downgrade the offense was a matter of prosecutorial discretion. The de minimis contention was raised before the assignment judge and was properly rejected. N.J.S.A. 2C:2-11(b); see State v. Brown, 188 N.J. Super. 656, 669 (Law Div. 1983).
Affirmed.
NOTES
[1] At the municipal court trial the judge made similar findings as to six incidents wherein the employer was fraudulently billed a total of $101.23.