642 A.2d 1392

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. LOUIS PULASTY, DEFENDANT–APPELLANT.

Argued September 14, 1993—Decided June 28, 1994.

*Martha A. Suhayda–Vogt* and *John L. Pritchard* argued the cause for appellant (*Ms. Suhayda–Vogt, Mr. Pritchard,* and *Harold Kamens,* attorneys).

*Hilary L. Brunell,* Assistant Prosecutor, argued the cause for respondent (*James F. Mulvihill,* Acting Essex County Prosecutor, attorney).

PER CURIAM.

Defendant pleaded guilty to second-degree theft by deception. The trial court ordered him to make restitution to his employer. On defendant's appeal the Appellate Division affirmed, and we granted certification, 133 *N.J.* 430, 627 *A.*2d 1136 (1993). Substantially for the reasons set forth in the Appellate Division opinion, see 259 *N.J.Super.* 274, 612 *A.*2d 952 (1992), we reject defendant's argument that the trial court should have permitted him to withdraw his guilty plea. We likewise agree with the court below, although on a different basis, that the Employee Retirement

Income Security Act of 1974, 29 *U.S.C.A.* §§ 1001–1461 (ERISA), does not preempt the trial court's restitution order.

I

Defendant, Louis Pulasty, was treasurer of the New Jersey State Firemen's Association. A grand jury charged him, in a twenty-nine count indictment, with embezzling more than $600,-000. According to the trial court, the charge exposed defendant to a twenty-year term of imprisonment and $200,000 in fines, in addition to restitution. In July 1986, pursuant to a plea bargain, defendant pleaded guilty to second-degree theft by deception in violation of *N.J.S.A.* 2C:20–4 and agreed to pay restitution. The trial court sentenced defendant to five years imprisonment and ordered him to pay $453,378.32 in restitution. Defendant served fourteen months in prison, after which he completed probation.

In July 1990 defendant moved to have the trial court strike certain language in its restitution order that required defendant either to assign to the Firemen's Association the $531–per–month pension that it paid to defendant, or in the alternative to pay the Essex County Probation Department $531 per month until defendant had discharged the balance of his restitution obligation. In light of defendant's argument that the order as phrased violated the anti-alienation provisions of ERISA, 29 *U.S.C.A.* 1056(d), the trial court deleted the reference to defendant's pension but left in place so much of the order as imposed on defendant the obligation to make restitution of $531 per month.

In 1991, five years after he had entered his guilty plea, defendant moved to withdraw his plea. The trial court denied the motion. Defendant then began two separate appeals. In the first, defendant argued that the denial of his motion to withdraw his guilty plea was manifestly unjust because, first, the plea lacked a factual basis; second, defendant had not voluntarily and intelligently made the plea because he had not understood its consequences; and, third, defendant had been deprived of effective assistance of counsel. Pursuant to *Rule* 2:11–3(e)(2), the Appel-

late Division found those claims to be "entirely lacking in merit." 259 *N.J.Super.* at 278, 612 *A.*2d 952. The court stated that the record "demonstrate[d] conclusively" that defendant had understood his plea, that he had voluntarily pleaded guilty, and that the record supported his conviction for second-degree theft. It also found "not a shred of evidence" to support defendant's claim that his counsel had provided ineffective assistance or that but for any error of counsel, defendant would not have entered a plea of guilty. On defendant's first appeal, therefore, the Appellate Division affirmed the judgment of the trial court. *Id.* at 278–79, 612 *A.*2d 952.

On the second appeal, defendant, whose sole source of income is the combined Social Security payments that he and his wife receive ($1581 per month), a pension benefit from the Firemen's Association ($558 per month), and a pension from Foster Wheeler Corporation ($123 per month), argued that ERISA and 42 *U.S.C.A.* § 470 of the Social Security Act prohibited the trial court from ordering that he pay $531 per month in restitution because the restitution would come from sources that, defendant asserted, those laws protected. Specifically, defendant claimed that the trial court's modified order directly or indirectly garnisheed his pension in violation of ERISA, *U.S.C.A.* § 1056(d)(1), which provides that "[e]ach pension plan shall provide that benefits provided under the plan may not be assigned or alienated." To support that argument defendant relied on *Guidry v. Sheet Metal Workers National Pension Fund,* 493 *U.S.* 365, 110 *S.Ct.* 680, 107 *L.Ed.*2d 782 (1990).

In *Guidry,* a union official had pleaded guilty to embezzling funds from his employer union. *Id.* at 367, 110 *S.Ct.* at 683, 107 *L.Ed.*2d at 789. The United States Supreme Court held that a constructive trust on the official's pension benefits established to satisfy a civil judgment in favor of the union was no different from a garnishment order, *id* at 371–72, 110 *S.Ct.* at 685, 107 *L.Ed.*2d at 792, and that both were barred by ERISA's anti-alienation clause. *Id.* at 376–77, 110 *S.Ct.* at 687–88, 107 *L.Ed.*2d at 794–95.

The Appellate Division distinguished *Guidry* on the basis that *Guidry* was limited to civil cases and did not prohibit restitution as part of a criminal penalty under a plea bargain. 259 *N.J.Super.* at 283–84, 612 *A*.2d 952. In doing so, the court below characterized the criminal misconduct underlying the restitution in *Guidry* as "mere happenstance." *Id.* at 282–83, 612 *A*.2d 952. The court concluded that because criminal restitution is designed to strip a defendant of wrongful monetary gain, it is unlike a civil judgment, which is designed to make the victim whole, and is therefore not contemplated by the anti-alienation clause of ERISA, which is designed to protect pensioners from losing their benefits to creditors. *Id.* at 283–84, 612 *A*.2d 952. It therefore upheld the trial court's modified restitution order.

## II

On appeal to this Court, defendant makes substantially the same arguments as he raised before the Appellate Division. As indicated above, in respect of defendant's motion to withdraw his plea and the allegedly ineffective assistance of counsel, we affirm on the basis of the opinion below.

On defendant's inalienability claim, we also affirm, but we do not adopt the Appellate Division's distinction between the applicability of ERISA's non-alienability clause in criminal cases and its inapplicability in civil cases. Our decision requires no such distinction.

We hold instead that *Guidry* is inapplicable to this case because the *Guidry* Court dealt with an attempt to place a constructive trust on the defendant's pension. The Court ruled that ERISA's non-alienability clause barred such an action. 493 *U.S.* at 376–77, 110 *S.Ct.* at 687–88, 107 *L.Ed.*2d at 795. Here, we are not faced with an attempt to place a constructive trust on defendant's pension benefits. The trial court specifically deleted from its original restitution order any reference to those benefits. This case instead involves the ability of the State, under a generally-applicable criminal law, to require a defendant to make restitution after the pension funds have been paid over to defendant. That

issue is closer to the one that faced the Supreme Court of Indiana in *Brosamer v. Mark,* 561 *N.E.*2d 767 (1990).

■ In *Brosamer,* the plaintiffs won a $718 judgment against defendant, Brosamer. Brosamer claimed that the court could not garnishee his income because his sole sources of income were pension benefits that qualified for ERISA non-alienability protection and Social Security benefits. The court declared that to hold, as defendant urged, that pension payments continue to be protected by ERISA after deposit into the recipient's bank account "would run contrary to the legislative history and the weight of the relevant case law and [would] stretch ERISA beyond the purposes declared by Congress in the statute itself." *Id.* at 769. We agree with the Indiana Supreme Court that ERISA's non-alienability clause is based on a congressional intent to ensure that pensioners actually receive their benefits, not to make them judgment proof. See *id.* at 770 (discussing relevant case law). We therefore hold that once a defendant has actually received pension benefits, those benefits are subject to judgment.

■ Our decision today creates no exception to ERISA's non-alienability clause. That clause is inapplicable in a case such as this, which concerns restitution to be paid out of funds that are unprotected because they are in the pensioner's possession, not out of protected benefits that are owed to the pensioner. *Cf. Woolsey v. Marion Lab., Inc.,* 934 *F.*2d 1452, 1458 (10th Cir.1991) (stating that ERISA's non-alienability clause's prohibition of forfeiture, garnishment, or offsetting of vested pension rights is inapplicable to decision to award pension benefits in form of cash instead of stock). We are satisfied that "the congressional policy choice" contained in the non-alienability clause, specifically the "decision to safeguard a stream of income for pensioners (and their dependents * * * ), even if that decision prevents others from securing relief for wrongs done to them," *Guidry, supra,* 493 *U.S.* at 376, 110 *S.Ct.* at 687, 107 *L.Ed.*2d at 795, was not designed to make pensioners judgment proof. The inclusion of a spendthrift provision "secure[s] the financial well-being of employees

and their dependents," *Ablamis v. Roper,* 937 *F.*2d 1450, 1454 (9th Cir.1991), and we recognize that the creation of an exception to the statute "is a question for legislative rather than judicial judgment." *United Metal Prods. Corp. v. National Bank of Detroit,* 811 *F.*2d 297, 300 (6th Cir.1987). However, the power to order restitution out of unprotected funds, *see N.J.S.A.* 2C:44–3 (authorizing fines and restitution), is "a state law of general application with only a 'tenuous' effect on an ERISA plan * * *." *Retirement Fund Trust of the Plumbing v. Franchise Tax Bd.,* 909 *F.*2d 1266, 1274 (9th Cir.1990) (quoting *Shaw v. Delta Airlines, Inc.,* 463 *U.S.* 85, 100 n.21, 103 *S.Ct.* 2890, 2901 n.21, 77 *L.Ed.*2d 490, 503 n.21 (1983)). Accordingly, the non-alienability clause does not apply.

## III

Judgment affirmed.

*For affirmance*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI, and STEIN—7.

*Opposed*—None.