290 N.J. Super. 494 (1996)
676 A.2d 159
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN R. PAONE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 18, 1996.
Decided May 21, 1996.
Before Judges LANDAU, KLEINER and HUMPHREYS.
Jacobs & Barbone, for appellant (Michael J. Pender, on the brief).
Deborah T. Poritz, Attorney General, for respondent (Barbara A. Forte, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by HUMPHREYS, J.A.D.
*495 The defendant was the president of a corporation. In a trial before a municipal court judge, the defendant was found guilty on seven counts of failing to remit to the State the corporation's unemployment insurance contributions, contrary to N.J.S.A. 43:21-16(e). He was sentenced to three years probation and on each count to thirty days in the county jail and a $100 fine. The judge also ordered restitution to the New Jersey Department of Labor of $102,545.59 and court costs of $225. The jail sentence was suspended on condition that he make restitution payments. The fine was also suspended.
On appeal to the Superior Court, the convictions and sentence were affirmed except that the custodial term was vacated. The order further provided that "it is stipulated and agreed that defendant's finances may be reviewed by the New Jersey Department of Labor on an annual basis; if defendant's financial situation improves, payments will be increased...." Defendant appeals.
Defendant contends:
Point I. DEFENDANT IS NOT REQUIRED TO PAY RESTITUTION UNDER N.J.S.A. 2C:43 BECAUSE DEFENDANT DID NOT GAIN FROM THE NONPAYMENT OF UNEMPLOYMENT COMPENSATION TAXES.

Point II. THE LOWER COURTS MISINTERPRETATION OF THE RELATIONSHIP BETWEEN N.J.S.A. 43:21-16(e) AND N.J.S.A. 2C:43-3 LED TO THE UNAUTHORIZED IMPOSITION OF RESTITUTION AGAINST DEFENDANT.

Point III. DEFENDANT DID NOT VIOLATE N.J.S.A. 43:21-16(e).

We affirm the convictions and sentence substantially for the reasons stated by the judge in his oral decision of March 19, 1993, except that we remand for a hearing on restitution.
The defendant contends that although as the responsible corporate officer, he may have been required to remit the unemployment compensation funds, he should not be obligated to make restitution for a corporate debt. The defendant relies on State v. Thayer, 118 N.H. 819, 395 A.2d 500 (1978), in which the court construed New Hampshire's statutes. Our review of the New *496 Jersey statutes convinces us that the New Jersey Legislature intended that corporate officers who criminally defraud public trust funds be required to make good the loss.
The defendant at the time he committed the offenses, 1989 and 1990, could have been sentenced to pay a fine or make restitution, or both, if he had derived a pecuniary gain from the offense or the court was of the opinion that a fine or restitution, or both, was specially adapted to deterrence of the type of offense involved or to his correction. N.J.S.A. 2C:44-2(a) (prior to 1991 amendments). The Code was amended in 1991 to make restitution mandatory and eliminate the requirement that the offender derive a pecuniary gain. See N.J.S.A. 2C:44-2(b); L. 1991, c. 329, § 6. The defendant in this case received a pecuniary gain from his offense. He paid his own salary out of corporate funds. The record also indicates that he retained a certain contingent interest in the corporation.
Further, the Supreme Court pointed out in State v. Newman, 132 N.J. 159, 175, 623 A.2d 1355 (1993) that in 1987, the Legislature "amended various provisions of our tax law to increase revenue collection and, concomitantly, to strengthen related criminal penalties and enforcement mechanisms. L. 1987, c. 76, § 34. That law made the State an authorized recipient of restitution...."
The amended tax law, N.J.S.A. 2C:43-3 provided:
The restitution ordered paid to the victim shall not exceed his loss, except that in any case involving the failure to pay any State tax, the amount of restitution to the State shall be the full amount of the tax avoided or evaded, including full civil penalties and interest as provided by law. In any case where the victim of the offense is any department or division of State government, the court shall order restitution to the victim.
Unemployment contributions are taxes. State v. Witrak, 194 N.J. Super. 526, 531, 477 A.2d 412 (App.Div. 1984). Thus, at the time of the defendant's offense, the amended tax law required full restitution to the State and did not contain any language which required that the offender had to have received a pecuniary gain.
*497 The above legislation reveals a strong legislative intention to require full restitution from those who defraud the public. We can find no legislative intention to excuse a responsible corporate officer from restoring to a public trust fund what he has criminally caused to be withheld.
The defendant here was certainly the responsible corporate officer. He was the president. He prepared the unemployment forms and was responsible for filing them with the State. He knew it was his duty to make the contributions which included withholdings from the employees' salaries. Instead of remitting the contributions, he paid other corporate obligations including his salary. Under these circumstances, we are entirely satisfied that the Legislature intended that he be required to make restitution to the public fund. See Roig v. Kelsey, 135 N.J. 500, 515-516, 641 A.2d 248 (1994) (the overriding judicial function is to determine legislative intent and this prevails over the plain language of the statute); Wollen v. Borough of Fort Lee, 27 N.J. 408, 418, 142 A.2d 881 (1958) (it is not the words, but the internal sense of the statute which governs).
The defendant contends that he is unemployed and unable to pay. In view of these contentions, he is entitled to a hearing on the method in which the restitution is to be paid. See N.J.S.A. 2C:44-2(c); State v. Newman, supra, 132 N.J. at 178-179, 623 A.2d 1355. We remand for that purpose.
Affirmed in part. Remanded in part.