295 N.J. Super. 364 (1996)
685 A.2d 55
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
JOSEPH KENNEDY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 30, 1996.
Decided December 2, 1996.
*365 Before Judges LONG and CUFF.
Jeffrey S. Blitz, Atlantic County Prosecutor, attorney for appellant (Henry L. Warner, Assistant County Prosecutor, of counsel and on the brief).
Goldenberg, Mackler & Sayegh, attorneys for respondent (Michael A. Gill, on the brief).
The opinion of the court was delivered by LONG, P.J.A.D.
*366 Defendant, Joseph Kennedy, was charged with meter tampering, contrary to N.J.S.A. 2C:20-8(c). He entered a retraxit plea of guilty to the charge in the Municipal Court of Atlantic City. He was sentenced to a fine of $500 and a five year probationary term. Court costs were also imposed. Over his objection, defendant was also ordered to pay restitution of $15,049.21 to the gas company, subject to a proof hearing to verify the gas company's losses and to assess defendant's ability to pay. In sentencing defendant, the trial judge rejected defendant's argument that, pursuant to the holding in State v. Insabella, 190 N.J. Super. 544, 551-52, 464 A.2d 1165 (App.Div. 1983), no restitution can be ordered on a meter tampering conviction because theft of services is not an element of tampering.
On appeal de novo to the Superior Court, defendant challenged only the restitution aspect of his sentence. He again argued that Insabella precludes imposition of restitution for meter tampering. The State countered that N.J.S.A. 2C:20-8 was specifically amended in 1989 in response to Insabella to allow restitution in a tampering case. The judge agreed but held that, because restitution must be connected with a proven loss and because defendant only acknowledged tampering with the meter and not receipt of services, no restitution of the cost of the services could be ordered. He vacated the order of restitution and remanded the case for a proof hearing to determine the cost of remediating the damage sustained by the gas company as a result of defendant's meter tampering. He also noted that the gas company could seek restitution in a civil action, presumably on a quantum meruit basis, for the gas which it could prove defendant misappropriated.
The State appeals, contending that:
POINT I:
DEFENDANTS CONVICTED OF VIOLATING 2C:20-8(C) MAY BE ORDERED TO PAY RESTITUTION FOR SERVICES OBTAINED PURSUANT TO SECTION K OF N.J.S.A. 2C:20-8.
N.J.S.A. 2C:20-8(k) provides:

*367 In addition to any other disposition authorized by law, and notwithstanding the provisions of N.J.S.A. 2C:43-3, every person who violates this section shall be sentenced to make restitution to the vendor and pay a minimum fine of $500.00 for each offense. In determining the amount of restitution, the court shall consider the costs expended by the vendor, including but not limited to the repair and the replacement of damaged equipment, the cost of services unlawfully obtained, investigation expenses, and attorney fees.
The State Judiciary Committee Statement on the 1989 amendments to this statute adds: "The amendments clarify that mandatory restitution and the $500 minimum fine apply to all offenses committed under N.J.S.A. 2C:20-8." Meter tampering, an offense prohibited by N.J.S.A. 2C:20-8(d), is thus clearly subject to restitution. By its terms, however, it is also subject to the general principle that restitution may not exceed the actual loss established by the prosecution and directly resulting from the defendant's criminal actions. State v. Harris, 70 N.J. 586, 593, 362 A.2d 32 (1976). It is this link which is missing in this case. To be sure, a defendant who is convicted of theft of services along with meter tampering, or one who acknowledges, as part of a plea to meter tampering, that he or she has obtained utility services, may be ordered to pay restitution for misappropriated services. However, a defendant who is only convicted of meter tampering or who only acknowledges tampering as part of a plea is not subject to restitution for theft of services.
Here, there is no claim that an acknowledgement of theft of services was made by defendant on the record. Although he stated that he knew there had been some tampering with the meter serving property that he owned, he never conceded that he obtained any services to which he was not entitled, let alone $15,000 worth of services. Accordingly, there was an insufficient factual basis for the municipal judge to order restitution. Harris, supra, 70 N.J. at 598-99, 362 A.2d 32. We thus affirm the conviction and the sentence imposed by Judge Garofolo on de novo review. We note, as he did, that civil remedies are still available to the gas company for recoupment of any loss which it can connect to defendant.
Affirmed.