689 A.2d 789

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. WILLIAM SCRIBNER, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 14, 1996—Decided March 6, 1997.

Before Judges LONG, A.A. RODRÍGUEZ and CUFF.

*Susan L. Reisner*, Public Defender, attorney for appellant (*James K. Smith, Jr.*, Assistant Deputy Public Defender, of counsel and on the brief).

*Dennis O'Leary*, Sussex County Prosecutor, attorney for respondent (*Thomas E. Bracken*, Assistant Prosecutor, on the brief).

The opinion of the court was delivered by

CUFF, J.A.D.

Defendant William Scribner appeals from the imposition of a restitution order of $1,628.76. A similar restitution order was imposed on his co-defendant. The sentencing judge explicitly stated that between the co-defendants there was joint and several liability for the restitution. Defendant argues that the imposition of joint and several restitution liability on co-defendants without consideration of their role in the criminal conduct or their ability to pay contravenes the law governing the imposition of restitution. We reverse the restitution order and remand for reconsideration of an appropriate amount of restitution.

Following guilty pleas to four accusations charging three third degree thefts and one fourth degree theft, defendant was sentenced to concurrent four-year terms of imprisonment for the third degree thefts and a concurrent nine-month term for the fourth degree theft. These sentences were also to run concurrently with a four-year term imposed in another vicinage. A $200 VCCB penalty was imposed, as well as a $75 Safe Neighborhoods Services Fund fee. Defendant was also ordered to pay restitution in the amount of $1,628.76.

Because the matter was not tried and the factual basis of the pleas to the accusations lacks a detailed recitation of defendant's criminal misadventures, we derive some of the background of the offenses from the Presentence Report. On April 25, 1994, defendant was driving his Mustang on Route 23 in Hamburg, Sussex County. James Sienko was a passenger in the car. Defendant was stopped by a police officer for a motor vehicle violation. The officer observed that the car was cluttered with electronic equipment, such as car stereos, a scanner, an antenna, and taillights. The Mustang also sported new tires and rims which were later identified by the owner of a store in Hardyston as those that had been on his car.

At sentencing, the State stipulated that the full loss was $1,628.76. The judge ordered defendant to pay the full loss as

restitution. Co-defendant Sienko was also ordered to pay the full loss as restitution. The Judgment of Conviction provides:

> The defendant must pay the restitution that was originally ordered when [he] went into the Pretrial Intervention Program. The Pretrial Order dated June 20, 1994 provides that the defendant agreed to make restitution in the amount of $1,628.76. This shall continue to be the Order of the court so that the victim does not suffer any out-of-pocket loss. The court is aware that there is a codefendant and the defendant may ultimately receive the benefit of any payments that the codefendant is ordered to make. Nevertheless, the Order of the court is that the defendant is responsible for full and complete restitution in the event that no payments are made by the codefendant.

Defendant states that imposition of joint and several liability for restitution is a sentencing policy in this vicinage; the State does not take issue with this proposition.

On appeal, defendant raises the following points:

*POINT I*

THE SENTENCING COURT ERRED IN ORDERING THAT DEFENDANT BE JOINTLY AND SEVERALLY LIABLE FOR RESTITUTION, ESPECIALLY AFTER CONCLUDING THAT HIS CONDUCT WAS SUBSTANTIALLY INFLUENCED BY HIS MORE MATURE CO-DEFENDANT. (Not Raised Below).

*POINT II*

THE CASE SHOULD BE REMANDED FOR A HEARING ON DEFENDANT'S ABILITY TO PAY. (Not Raised Below).

A sentencing court may impose only those sentences authorized by statute. *N.J.S.A.* 2C:43–2a. Restitution in conjunction with a probationary or custodial term is an authorized sentence. *N.J.S.A.* 2C:43–2b(4).

■ *N.J.S.A.* 2C:43–3 provides that the restitution ordered to be paid cannot exceed the loss sustained by the victim. *N.J.S.A.* 2C:44–2 sets forth the criteria for imposition of restitution; it provides:

> b. The court shall sentence a defendant to pay restitution in addition to a sentence of imprisonment or probation that may be imposed if:
>
>    *    *    *    *    *    *    *    *
>
> (2) The defendant is able to pay or, given a fair opportunity, will be able to pay restitution.
>
>    *    *    *    *    *    *    *    *

[c.] (2) In determining the amount and method of payment of restitution, the court shall take into account all financial resources of the defendant, including the defendant's likely future earnings, and shall set the amount of restitution so as to provide the victim with the fullest compensation for loss that is consistent with the defendant's ability to pay.

[*N.J.S.A.* 2C:44-2b(2), c(2).]

None of the statutory provisions governing the imposition of restitution on adult offenders require joint and several liability for restitution between or among multiple defendants.[1]

Restitution is a sanction by which the criminal offender compensates a victim for any loss flowing from the offender's conduct. *State v. Newman,* 132 *N.J.* 159, 164–65, 623 *A.*2d 1355 (1993) (citing Richard E. Laster, *Criminal Restitution: A Survey of Its Past History and an Analysis of Its Present Usefulness,* 5 *U. Rich. L.Rev.* 71, 71–75 (1970)). Our Criminal Code contemplates two goals from a restitution order: restoration of the victim and rehabilitation of the offender. *Id.* at 167, 623 *A.*2d 1355. In order for a restitution order to serve either purpose effectively, the amount of the order must bear some relation to the offender's ability to pay. Indeed, *N.J.S.A.* 2C:44-2b(2) specifically provides that restitution is an available sanction only if the offender has the present or future ability to pay.

The sentencing judge has been granted considerable discretion in evaluating a defendant's present or future ability to pay; however, that discretion is not unfettered. *Newman, supra,* 132 *N.J.* at 169–70, 623 *A.*2d 1355. The sentencing judge must explain the reasons underlying the sentence, including the decision to order restitution, the amount of the restitution, and its payment terms. *Id.* at 170–71, 623 *A.*2d 1355.

In this context, the imposition of joint and several liability for restitution among co-defendants without examination of an

---

[1] *N.J.S.A.* 2A:4A-43b(9) authorizes the imposition of joint and several liability between or among multiple juvenile offenders. Present and future ability to pay any restitution is still a precondition to the imposition of any restitution. *See also State in the Interest of D.G.W.,* 70 *N.J.* 488, 504–05, 361 A.2d 513 (1976).

individual defendant's present or future ability to pay cannot be sustained. Sentencing as a matter of vicinage policy, as opposed to an individual evaluation of a defendant's ability to pay, is contrary to the specific terms of the statute authorizing restitution as a sentencing alternative. A sentencing court may impose only those sentences authorized by statute, as limited by the terms of that authorization. *Id.* at 164, 623 *A.*2d 1355; *State v. Wildman*, 296 *N.J.Super.* 565, 567, 687 *A.*2d 340, 342 (App.Div.1997)

■ The State suggests that the Sussex County policy of joint and several liability for restitution is saved by the probation department's pro rata distribution between defendants of the $1,628.76 restitution order. However, this procedure also ignores defendant's ability to pay and raises the further issue of the authority of the probation department to modify a portion of defendant's sentence.

■ In order to impose restitution, a factual basis must exist and there must be an explicit consideration of defendant's ability to pay. *State v. Corpi*, 297 *N.J.Super.* 86, 93, 687 *A.*2d 792, 796 (App.Div.1997). In this case, defendant by his plea has provided a factual basis for a monetary loss in excess of $1800. However, the State concedes that the amount of the loss stated by the prosecutor at the time of sentencing is not accurate because some, if not most, of the stolen items were recovered and returned to the owners. Because the restitution exceeds the loss sustained by the victims, the restitution order must be reversed and the matter must be remanded to ascertain the actual loss to the victims. Then, the sentencing judge must consider defendant's ability to pay before imposition of a specific restitutionary figure and before imposition of joint and several responsibility for the obligation.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.