705 A.2d 757

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v.
JOSEPH KENNEDY, DEFENDANT–RESPONDENT.

Argued October 21, 1997—Decided February 5, 1998.

*Henry L. Warner,* Assistant Prosecutor, argued the cause for appellant (*Jeffrey S. Blitz,* Atlantic County Prosecutor, attorney).

*Michael A. Gill,* argued the cause for respondent (*Goldenberg, Mackler & Sayegh,* attorneys).

*Carol M. Henderson,* Deputy Attorney General, argued the cause for *amicus curiae,* Attorney General of New Jersey (*Peter Verniero,* Attorney General, attorney).

The opinion of the Court was delivered by

POLLOCK, J.

The basic issue is whether *N.J.S.A.* 2C:20–8 authorizes a municipal court to order restitution from the defendant who pleads guilty to meter tampering in violation of *N.J.S.A.* 2C:20–8(c). Defendant, Joseph Kennedy pled guilty in the Atlantic City municipal court to tampering with the gas meter at four income producing properties that he owned in Atlantic City. The municipal court sentenced defendant to five years probation, a $500 fine, and court costs. It also ordered defendant to pay to South Jersey Gas Company (South Jersey Gas) restitution of $15,049.21 for natural gas provided to those properties. The Law Division vacated the restitution order and remanded the matter to the municipal court "for an assessment of restitution apart from that related to the services obtained." The Appellate Division affirmed, 295 *N.J.Super.* 364, 685 *A.*2d 55 (1996). We granted certification, 149 *N.J.* 35, 692 *A.*2d 49 (1997), and now reverse and remand to the municipal court.

I.

On June 20, 1995, South Jersey Gas filed a complaint in the Atlantic City municipal court accusing defendant of meter tampering between August 2, 1989, and April 5, 1995, contrary to *N.J.S.A.* 2C:20–8(c). Defendant entered a plea of guilty. In pleading, he answered questions posed by defense counsel and the court. Before defendant pled, defense counsel informed him that the State was seeking, in addition to the fine for meter tampering, restitution in the amount of $15,049.21. Counsel advised defendant that in counsel's opinion the State could not obtain restitution for meter tampering, as distinguished from theft of services.

When entering his plea, defendant admitted that he owned four income-producing properties in Atlantic City, that he had tampered with the meter serving those properties, and that, unknown to South Jersey Gas, he had received gas through the use of the tampered meter.

Immediately after defendant pled, his counsel argued that under *State v. Insabella,* 190 *N.J.Super.* 544, 464 *A.*2d 1165 (App.Div. 1983), the court could not order restitution because defendant had pled guilty only to meter tampering and not to theft of services. The court rejected the argument and ordered defendant to pay $15,049.21 in restitution.

On defendant's appeal, the Superior Court, Law Division, held that the receipt and value of the gas were not elements of the meter tampering offense to which defendant pled guilty. Consequently, the Law Division found that defendant's plea did not support an order for restitution under *N.J.S.A.* 2C:20–8(k) (Section 8(k)). Limiting the State to restitution for damage to the meter, the Law Division remanded the matter to the municipal court for a hearing regarding that damage. Additionally, the court noted that South Jersey Gas could file a civil action for reimbursement for the stolen gas.

The State appealed to the Appellate Division contending that Section 8(k) permits a court to order a defendant convicted of meter tampering to pay restitution for services obtained. *State v. Kennedy,* 295 *N.J.Super.* 364, 366, 685 *A.*2d 55 (App.Div.1996). The Appellate Division recognized that Section 8(k) subjects a defendant convicted of meter tampering to restitution. 295 *N.J.Super.* at 367, 685 *A.*2d 55. It held, however, that it could not order restitution absent proof of a "link" between defendant's meter tampering and South Jersey Gas's loss. *Ibid.* Specifically, the Appellate Division noted that Section 8(k) authorizes restitution from a defendant who is convicted of theft of services along with meter tampering or from one who acknowledges when pleading guilty to meter tampering that he or she has obtained utility services unlawfully. *Ibid.* Because defendant's guilty plea to

meter tampering did not acknowledge theft of services, the court held that the plea did not provide a basis for the municipal court's restitution order. Noting South Jersey Gas's ability to pursue a civil action against defendant, the Appellate Division affirmed the judgment of the Law Division.

## II.

The first two sections of *N.J.S.A.* 2C:20–8 criminalize the general offense of "Theft of Services." One provision defines "theft" as an act in which a person "purposely obtains services which he knows are available only for compensation, by deception or threat, or by false token, slug, or other means...." *N.J.S.A.* 2C:20–8(a); *see State v. Kocen,* 222 *N.J.Super.* 517, 537 *A.*2d 731 (App.Div. 1988). Another provision defines a "theft" as an act in which a person who has "control over the disposition of services of another, to which he is not entitled, ... knowingly diverts such services to his own benefit or to the benefit of another not entitled thereto." *N.J.S.A.* 2C:20–8(b). The third provision, to which defendant pled guilty, specifically defines the offense of meter tampering:

> Any person who, without permission and for the purpose of obtaining electric current, gas or water with intent to defraud any vendor of electricity, gas or water or a person who is furnished by a vendor with electric current, gas or water:
>
> (1) Connects or causes to be connected by wire or any other device with the wires, cables or conductors of any such vendor or any other person; or
>
> (2) Connects or disconnects the meters, pipes or conduits of such vendor or any other person or in any other manner tampers or interferes with such meters, pipes or conduits, or connects with such meters, pipes or conduits by pipes, conduits or other instruments—is guilty of a disorderly persons offense.
>
> ....
>
> [*N.J.S.A.* 2C:20–8(c).]

Defendant asserts that Section 8(k) authorizes restitution only with a conviction for theft of services. He argues that, because he pled guilty to meter tampering under *N.J.S.A.* 2C:20–8(c), and not to theft of services under *N.J.S.A.* 2C:20–8(a) or (b), the court could not order him to pay restitution.

■ Section 8(k), which provides the statutory basis for a restitution order, applies to both theft of services and meter tampering. It states:

> In addition to any other disposition authorized by law, and notwithstanding the provisions of *N.J.S.* 2C:43–3, every person who violates this section shall be sentenced to make restitution to the vendor and to pay a minimum fine of $500.00 for each offense. In determining the amount of restitution, the court shall consider the costs expended by the vendor, including but not limited to the repair and replacement of damaged equipment, the cost of the services unlawfully obtained, investigation expenses, and attorney fees.

When interpreting a statute, our duty is to determine the intent of the Legislature. *Jacobitti v. Jacobitti*, 135 *N.J.* 571, 579–80, 641 *A.*2d 535 (1994). The first step is to examine the plain language of the statute. *Lammers v. Board of Educ.*, 134 *N.J.* 264, 267, 633 *A.*2d 526 (1993). The plain language of Section 8(k) mandates every person who violates *N.J.S.A.* 2C:20–8 to be sentenced to make restitution. By pleading guilty to tampering with a gas meter contrary to *N.J.S.A.* 2C:20–8(c), a defendant is subject to an order of restitution as a matter of law. The Senate Judiciary Committee statement confirms the plain meaning of the 1989 amendments:

> The intent of the bill was to have its mandatory restitution and minimum fine provisions apply to any offense under *N.J.S.A.* 2C:20–8. As drafted, these provisions apply to those sections of *N.J.S.A.* 2C:20–8 applicable to specific services but do not apply to subsection a. and b. of *N.J.S.A.* 2C:20–8 which deal generally with theft of services. The amendments clarify that mandatory restitution and the $500 minimum fine apply to all offenses committed under *N.J.S.A.* 2C:20–8.

We conclude that the Legislature intended that a defendant, by pleading guilty to meter tampering, would be subject to Section 8(k)'s requirement of mandatory restitution.

In seeking to avoid the obligation to make restitution, defendant relies on *State v. Insabella, supra,* 190 *N.J.Super.* 544, 464 *A.*2d 1165. *Insabella* was decided, however, six years before the enactment of the 1989 amendments to *N.J.S.A.* 2C:20–8. In *Insabella, supra,* the Appellate Division distinguished between the provisions for meter tampering and theft of services in the then-existing version of *N.J.S.A.* 2C:20–8. 190 *N.J.Super.* at 549–50, 464 *A.*2d 1165. The court held that the inclusion of the two types of

offenses "under the heading 'Theft of Services' was merely for convenience," *id.* at 550, 464 *A.*2d 1165, and did not indicate the legislative intent to require restitution for convictions of meter tampering. *Id.* at 550, 552, 464 *A.*2d 1165. Absent the legislative intent to impose restitution for meter tampering, a court could order restitution only if it was "directly related to the offense committed." *Id.* at 552, 464 *A.*2d 1165. Thus, the defendant in *Insabella,* who had pled guilty only to meter tampering without acknowledging the receipt of any electricity, was not subject to an order to pay restitution. *Id.* at 550–51, 464 *A.*2d 1165.

■ In the present case, defendant's reliance on *Insabella,* ignores the effect of the 1989 amendment adding Section 8(k). As noted, one of the Legislature's objectives in amending *N.J.S.A.* 2C:20–8 was to mandate the imposition of restitution as a sentence for all violations of the statute. In brief, the 1989 amendment implicitly overruled *Insabella* 's holding that convictions for meter tampering and theft of services "carry different penalties," 190 *N.J.Super.* at 552, 464 *A.*2d 1165. Thus, by relying on *Insabella* the lower courts erred. As Section 8(k) makes clear, the State, in a meter tampering case, may seek restitution not only for the cost of repairing or replacing the tampered meters, but also for the value of the services illegally obtained.

■ The plain language of Section 8(k) requires a court, when determining the amount of restitution, to consider the cost expended "including but not limited to the repair and replacement of damaged equipment, the cost of the services unlawfully obtained, investigation expenses, and attorney fees." Consistent with the statute's plain language, the Senate Judiciary Statement states that "[i]n determining the amount of restitution, the court is required to consider both the cost of repair and replacement of damaged equipment and the cost of the services unlawfully obtained." Thus, on remand, the municipal court, when determining the amount of restitution, must consider the amount of services that defendant obtained illegally.

Defendant's meter tampering directly relates to the value of the gas that provides the basis for the order of restitution. Specifically, defendant admitted to owning the properties that received gas, tampering with the meter, and receiving gas at his properties. The clear import of his admission is that defendant profited from South Jersey Gas's loss. *State v. Swed*, 255 *N.J.Super.* 228, 604 *A.*2d 978 (App.Div.1992). By admitting to both tampering with the meters and owning the properties serviced by those meters, defendant's plea provides sufficient evidence to establish that defendant was unjustly enriched at the expense of South Jersey Gas. Those admissions justify an order of restitution under Section 8(k) for services illegally obtained. *Cf. State v. Sainz*, 107 *N.J.* 283, 293, 526 *A.*2d 1015 (1987) (noting court should look to other evidence in record and consider all circumstances surrounding commission of crime when sentencing defendant who enters guilty plea).

## III.

A remaining issue concerns the jurisdiction of the municipal court over claims involving restitution under Section 8(k). Although not raised by the parties below, we address the issue in the exercise of our inherent authority to consider jurisdictional questions. *Peper v. Princeton Univ. Bd. of Trustees*, 77 *N.J.* 55, 65–66, 389 *A.*2d 465 (1978); *Deerfield Estates, Inc. v. Township of E. Brunswick*, 60 *N.J.* 115, 120, 286 *A.*2d 498 (1972); *Friedman v. Podell*, 21 *N.J.* 100, 106, 121 *A.*2d 17 (1956); *Donnelly v. Ritzendollar*, 14 *N.J.* 96, 101 *A.*2d 1 (1953); *Caine v. Anchor Petroleum Co.*, 65 *N.J.Super.* 271, 274, 167 *A.*2d 664 (App.Div.1961). The Legislature has designated meter tampering as a disorderly persons offense. *N.J.S.A.* 2C:20–8(c); *see also N.J.S.A.* 2C:1–4(b) ("An offense is a disorderly persons offense if it is so designated in this code or in a statute other than this code."). As a disorderly persons offense, meter tampering is subject to the jurisdiction of the municipal court, irrespective of the amount of restitution sought by the State. *N.J.S.A.* 2B:12–17(c). Defendant contends,

however, that the Legislature has graded theft offenses so that only a theft of less than $200 constitutes a disorderly persons offense. *N.J.S.A.* 2C:20–2b(3). Because a theft of $15,049.21 would constitute a third-degree offense, *N.J.S.A.* 2C:20–2b(2)(a), defendant contends that the municipal court lacked jurisdiction. We disagree.

Defendant's argument fails to recognize the distinction between the crime charged and the sentence imposed. If defendant had been charged simply with the theft of $15,049.21, *N.J.S.A.* 2C:20–2b would govern the grading of his offense, and he would have been subject to indictment for a third degree offense. *N.J.S.A.* 2C:20–2b(2)(a).

Defendant, however, was charged with meter tampering, contrary to *N.J.S.A.* 2C:20–8(c). Two consequences follow from a meter tampering charge. First, a defendant accused of a disorderly persons offense is subject to the jurisdiction of the municipal court. *N.J.S.A.* 2B:12–17(c). Second, on conviction a defendant is subject under Section 8(k) to a minimum fine of $500 and an order for restitution.

The selection of the statute under which to prosecute defendant involved the exercise of prosecutorial discretion. *See State v. Kittrell,* 145 *N.J.* 112, 129, 678 *A.*2d 209 (1996); *Matter of L.Q.,* 227 *N.J.Super.* 41, 48, 545 *A.*2d 792 (App.Div.1988); *State v. Stern,* 197 *N.J.Super.* 49, 54, 484 *A.*2d 38 (App.Div.1984). If defendant had been charged with third degree theft, the prosecutor would have been obligated to bring the action before the Law Division of the Superior Court. By prosecuting defendant for the disorderly persons offense of meter tampering, however, the prosecutor properly invoked the jurisdiction of the municipal court. As a corollary to that decision, defendant's sentence is limited to that imposed on a disorderly person under the provisions of Section 8(k). *See N.J.S.A.* 2C:43–3c (providing for maximum fine of $1000 for conviction of disorderly persons offense); *see also Klesh v. Coddington,* 295 *N.J.Super.* 51, 60, 684 *A.*2d 530 (Law Div.1996) ("[D]isorderly persons offenses do not have the impact on a

person's reputation or character that is attendant on a criminal charge."); *In re Garofone*, 80 *N.J.Super.* 259, 271, 193 *A.*2d 398 (Law Div.1963) (noting defendant convicted of disorderly persons offense is "spared the brand of being adjudged a criminal" and receives punishment "less severe than that imposed on corresponding crimes").

Restitution, however, differs from a fine. Although "fines are payments demanded by the State to punish the wrongdoer and to deter conduct that causes social harm[,] restitution serves to rehabilitate the wrongdoer and to compensate the victim of the wrongdoer's conduct." *State v. Newman*, 132 *N.J.* 159, 169, 623 *A.*2d 1355 (1993); *see also N.J.S.A.* 2C:43–3 ("A person who has been convicted of an offense may be sentenced to pay a fine, to make restitution, or both...."); *State v. Harris*, 70 *N.J.* 586, 593, 362 *A.*2d 32 (distinguishing restitution from fine).

The municipal court is not limited in the amount of restitution it can order from a defendant who is guilty of meter tampering. *Cf. State v. Paone*, 290 *N.J.Super.* 494, 497, 676 *A.*2d 159 (App.Div.1996) (upholding municipal court restitution award of $102,545.59 subject to hearing regarding defendant's ability to pay). As noted above, the Legislature clearly intended that the court, when determining a restitution award, should consider "the cost of the services unlawfully obtained." *N.J.S.A.* 2C:20–8(k). The Legislature also authorized the imposition of restitution and a minimum $500 fine "notwithstanding the provisions of *N.J.S.* 2C:43–3." *Id.* Moreover, even absent this qualification, the municipal court's award of $15,049.21 restitution under Section 8(k) would be consistent with *N.J.S.A.* 2C:43–3, which limits a disorderly persons fine to $1000 and provides that "restitution ordered paid to the victim shall not exceed the victim's loss."

By requiring restitution on conviction for meter tampering, the Legislature acted within its plenary power. *State v. Smith*, 58 *N.J.* 202, 211, 276 *A.*2d 369 (1971). Restitution under Section 8(k) rationally relates to the offense defendant committed, meter tam-

pering.  The amount of restitution awarded under Section 8(k) is based on the expenses incurred by the utility, including equipment repair and replacement, investigation expenses, attorney fees, and the value of the services illegally obtained.  In addition to compensating the utility for costs incurred incident to the tamperer's criminal behavior, the award of restitution requires the meter tamperer to disgorge the amount by which he or she was unjustly enriched.  *See State v. Pulasty*, 259 *N.J.Super.* 274, 283–84, 612 *A.*2d 952 (App.Div.1992), *aff'd*, 136 *N.J.* 356, 642 *A.*2d 1392 (1994).

On remand, the municipal court should conduct a hearing at which the parties may present evidence regarding South Jersey Gas's loss and defendant's ability to pay.  *See N.J.S.A.* 2C:20–8(k); 2C:43–3; 2C:44–2(b) & (c); *Newman, supra*, 132 *N.J.* at 169, 623 *A.*2d 1355; *State v. Scribner*, 298 *N.J.Super.* 366, 372, 689 *A.*2d 789 (App.Div.), *certif. denied*, 150 *N.J.* 27, 695 *A.*2d 669 (1997); *State v. Corpi*, 297 *N.J.Super.* 86, 93–94, 687 *A.*2d 792 (App.Div.), *certif. denied*, 149 *N.J.* 407, 694 *A.*2d 193 (1997).  If, after this hearing, the municipal court decides to award restitution as part of defendant's sentence, it should explain the reasons underlying its decision, including the amount of restitution awarded and the terms of payment.  *Scribner, supra*, 298 *N.J.Super.* at 372, 689 *A.*2d 789.

## IV.

We conclude by suggesting guidelines for municipal courts when accepting a defendant's guilty plea to an offense that involves restitution as a consequence of sentencing.  First, the court should elicit a sufficient factual basis to support a defendant's guilty plea.  The court has the ultimate responsibility to assure an adequate factual basis for both the plea and a restitution order.  *See R.* 3:9–2; *State v. Smullen*, 118 *N.J.* 408, 415, 571 *A.*2d 1305 (1990).

Second, as this appeal makes clear, the court should explain the sentencing consequences to a defendant before accepting a guilty plea.  When sentencing a defendant for a violation of

*N.J.S.A.* 2C:20–8, the court should inform the defendant that he or she could be subject to restitution, including the value of the services illegally obtained. A defendant who pleads guilty should not be in doubt about the maximum exposure under a restitution order.

Although defendant's statement could have been more complete, it suffices to provide an adequate basis for defendant's plea of guilty. Even before us, moreover, defendant does not seek to withdraw his guilty plea. Defendant was aware of the possibility that restitution could be ordered as a result of his guilty plea to meter tampering. At oral argument before us, defense counsel clarified that he had told defendant that the State would seek restitution. In addition, he discussed the issue of restitution with the Atlantic City Prosecutor before defendant pled. Because defendant preferred to avoid a trial, he pled guilty with the understanding that his counsel would dispute the issue of restitution at sentencing. Indeed, immediately after defendant entered his guilty plea and before sentencing, defense counsel asked the court to be heard on the restitution issue.

We are satisfied that defendant provided an adequate basis to sustain both his conviction and the order of restitution. *See R.* 3:9–2. Even without so clear a record, the plain language of Section 8(k) clearly indicates that a defendant would be subject to a restitution order. No matter how sincere defense counsel may have been in questioning whether defendant was subject to a restitution order, defendant's reliance on the advice of counsel does not provide a basis for the withdrawal of defendant's guilty plea. Incorrect legal advice concerning restitution does not provide a basis for attacking the finality of a guilty plea. *See State v. DiFrisco,* 137 *N.J.* 434, 455, 645 *A.*2d 734 (1994) ("[T]he erroneous sentencing prediction of a defense counsel does not warrant vacating a guilty plea rendered because of it."); *see also Smullen, supra,* 118 *N.J.* at 416, 571 *A.*2d 1305 ("All plea-bargain jurisprudence recognizes the important interest of finality to pleas."). Defendant has not indicated any intention to withdraw his plea.

Even if he so intended, however, we would not be inclined to rely on any asserted lack of knowledge of the consequences of his plea. *R.* 3:9–2; *R.* 3:21–1 (allowing withdrawal of plea after sentencing to correct "manifest injustice"); *State v. Rodriguez,* 179 *N.J.Super.* 129, 136, 430 *A.*2d 957 (App.Div.1981) (holding defense counsel's inaccurate assurance regarding possible sentence to be imposed did not result in manifest injustice to defendant).

The judgment of the Appellate Division is reversed and the matter is remanded to the municipal court.

*For reversal and remandment*—Chief Justice PORITZ and Justices HANDLER, POLLOCK, O'HERN, GARIBALDI, STEIN and COLEMAN—7.

*Opposed*—None.