241 N.J. Super. 403 (1990)
575 A.2d 61
EAST MILL ASSOCIATES, PLAINTIFF-APPELLANT,
v.
TOWNSHIP COUNCIL OF THE TOWNSHIP OF EAST BRUNSWICK AND THE TOWNSHIP OF EAST BRUNSWICK, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted May 30, 1990.
Decided June 12, 1990.
*404 Before Judges ANTELL, BILDER and ARNOLD M. STEIN.
Thomas R. Farino, Jr., attorney for appellant.
Busch and Busch, attorneys for respondents (Bertram E. Busch, of counsel and on the brief).
The opinion of the court was delivered by BILDER, J.A.D.
This is an appeal by a landowner developer from a judgment of the Law Division upholding an ordinance rezoning its property from an O-1 zone, which, inter alia, permits apartment dwellings up to a density of 9 units per acre, to an R-3 zone, which permits development of single family detached dwellings with a maximum density of 3 per acre.
Plaintiff is the owner of a 17 acre triangular parcel of undeveloped land located on the western edge of East Brunswick. Two sides of the triangle are bordered by major thoroughfares, Milltown Road to the southwest and Ryder Lane to the east. The northwest side is contiguous with the East Brunswick border and is bounded by the Borough of Milltown. Plaintiff also owns an adjoining undeveloped 40 acre Milltown tract which extends along Milltown Road to the New Jersey Turnpike.
Prior to December 1986, the property was zoned P-1, planned industrial. In that month, it was rezoned to O-1, office, professional and apartment. Plaintiff desires to develop it for residential use, with either apartments or condominiums to a density of 9 units per acre, or about 150 units. It apparently envisions developing the contiguous Milltown tract with a shopping *405 mall containing at least three major tenants, one of which would be a major food store.
As noted, the subject property, as well as the adjoining Milltown property, is undeveloped. To the east and south, the area is predominantly R-3, residential zoning; a limited amount of OP-1, office professional development, appears to be permitted along Milltown Road and C-3, general commercial development, is permitted at the Milltown Road-Ryder Lane intersection.
When the property was originally rezoned to O-1 in December 1986, a density of 12 dwelling units per acre was permitted. Because neighboring residents expressed concern about the anticipated development, the zoning ordinance was amended at the same time, without objection by plaintiff, to reduce the permitted density to 9 dwelling units per acre.
The controversy which gives rise to the instant litigation results from a subsequent ordinance in which on April 25, 1988 East Brunswick again rezoned the subject property, this time to an R-3 zone, thus barring plaintiff's plans for a 150 unit residential development. On June 6, 1988, plaintiff instituted this action in lieu of prerogative writ attacking the adoption of the R-3 zoning. Following a two-day trial, in a comprehensive oral opinion the Law Division judge upheld the ordinance and entered judgment for defendants.
On appeal plaintiff makes four contentions: that the rezoning amounted to unlawful inverse spot zoning; that it was arbitrary, capricious and unreasonable; that it was procedurally defective because of a failure to comply with N.J.S.A. 40:55D-62a; and that the trial judge improperly took into account his personal knowledge of the area.
We agree with plaintiff that the failure to comply with N.J.S.A. 40:55D-62a invalidates the ordinance. The Municipal Land Use Law (Law), N.J.S.A. 40:55D-1, et seq., requires that a zoning ordinance which is inconsistent with the master plan *406 shall be accompanied by a resolution giving the reasons for the action.
The governing body may adopt or amend a zoning ordinance relating to the nature and extent of the uses of land and of buildings and structures thereon.... provided that the governing body may adopt a zoning ordinance or amendment or revision thereto which in whole or part is inconsistent with or not designed to effectuate the land use plan element and the housing plan element, but only by affirmative vote of a majority of the full authorized membership of the governing body, with the reasons of the governing body for so acting set forth in a resolution and recorded in its minutes when adopting such a zoning ordinance; ...
[N.J.S.A. 40:55D-62a in relevant part]
It is undisputed that the change to R-3 zoning was inconsistent with the East Brunswick master plan. For that matter, the change to the O-1 zoning espoused by plaintiff was similarly inconsistent with the master plan. When the amendment to O-1 was made in 1986, no effort was made to comply with the "reason resolution" requirement of N.J.S.A. 40:55D-62a. When the amendment to R-3 was adopted, such an effort was made but not until some 36 days later. The ordinance amending the zoning to R-3 was adopted April 25, 1988; a resolution setting forth the reasons for rezoning in a manner inconsistent with the master plan was adopted on May 31, 1988.
The Municipal Land Use Law has enhanced planning and given it a prominent, indeed critical, role in the zoning process. See the comprehensive review of the importance of planning under the Law in Riggs v. Long Beach Tp., 109 N.J. 601, 618-623, 538 A.2d 808 (1988) (Handler, J. concurring). The Law requires that municipalities have a master plan and that zoning ordinances ordinarily be substantially consistent with that plan. Ibid. But the scheme is not inflexible. A zoning ordinance need not be consistent with the plan, provided the inconsistency is the result of a reasoned decision to deviate. Id. at 621, 538 A.2d 808. This end is achieved by the legislative injunction that such an ordinance must be enacted "by affirmative vote of a majority of the full authorized membership of the governing body, with the reason of the governing body for so acting set forth in a resolution and recorded in its minutes when *407 adopting such a zoning ordinance[.]" N.J.S.A. 40:55D-62a (emphasis added). This appeal involves the meaning of this last phrase.
Ordinarily, we construe statutes in accordance with their plain meaning, see Service Armament Co. v. Hyland, 70 N.J. 550, 556, 362 A.2d 13 (1976), and in a way which advances the legislative purpose, see State v. Stern, 197 N.J. Super. 49, 53, 484 A.2d 38 (App.Div. 1984). In this manner, we accord the action of the coordinate branches the respect to which they are entitled and recognize the ultimate sovereignty of the State's citizens.
Plainly read, the statute requires that the reasons for inconsistency be established when the inconsistent ordinance is adopted. In the instant case, this was not done. Rather, an after-the-fact resolution was adopted about a month later. Defendants contend this substantially complies with the statutory requirement. The reasons have been clearly expressed and exposed to public view. If they do not satisfy the statutory criteria, they are available for judicial review. They argue that the failure of contemporaneous passage was no more than a procedural defect, easily cured without adversely affecting the good purposes of the statute.
We disagree. The purpose of the reason resolutions is to inhibit inconsistency while preserving flexibility. By requiring contemporaneous passage, the law not only provides an avenue for public scrutiny of the action (including a record for judicial review) but, perhaps more importantly, ensures that the inconsistency is clearly recognized and rationalized when the action is taken. There is a significant difference between contemporaneous debate and post hoc rationalization.[1]
*408 Adherence to the dictates of N.J.S.A. 40:55D-2 is one of the criteria by which the validity of a zoning ordinance is to be tested. Riggs v. Long Beach Tp., supra 109 N.J. at 611, 538 A.2d 808. If the requirements of the Law have not been satisfied, it is our role to declare it invalid. Ibid. Such action is required in this case.
Reversed. East Brunswick Ordinance 88-921 adopted April 25, 1988 is invalid.
NOTES
[1] Where the legislature was satisfied with a later memorializing resolution, they provided for it. See N.J.S.A. 40:55D-10g(2) which specifically permits a memorializing resolution not later than 45 days later as an alternative to a contemporaneous resolution.