740 A.2d 1097 (1999)
326 N.J. Super. 158
Alan WILLOUGHBY, William H. Reese, Sr. and Citizens Alliance for a Responsible Environment, Plaintiffs-Appellants,
v.
PLANNING BOARD OF the TOWNSHIP OF DEPTFORD, the Township Council of Deptford and The Wolfson Group, Inc., Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued October 5, 1999.
Decided November 12, 1999.
Michele R. Donato, Lavallette, for plaintiffs-appellants (Ms. Donato, of counsel and on the brief).
*1098 James P. Pierson, Woodbury, for defendant-respondent Township of Deptford (Angelini, Viniar & Freedman, attorneys; Mr. Pierson, on the brief).
Patricia L. Talcott, Blue Bell, PA, for defendant-respondent The Wolfson Group, Inc. (Kaplin, Stewart, Meloff, Reiter & Stein, attorneys; John J. Matheussen, Dilworth Paxson, of counsel; Robert Washburn, Sherman, Silverstein, Kohl, Rose & Podolsky, of counsel; Ms. Talcott, on the brief).
Before Judges D'ANNUNZIO, FALL and BILDER.
The opinion of the court was delivered by D'ANNUNZIO, J.A.D.
In this action in lieu of prerogative writs, we reversed a summary judgment in favor of defendant and remanded for a full consideration of the issues. Willoughby v. Planning Bd. of the Township of Deptford, 306 N.J.Super. 266, 703 A.2d 668 (App.Div. 1997). The only issue addressed and decided on remand was whether an amendment of the Township's zoning ordinance was adopted in conformity with N.J.S.A. 40:55D-26 and 62a.[1] The trial court determined that the amendment was substantially consistent with the Township's master plan and was valid.
The Wolfson Group (Wolfson) plans to develop a thirty acre tract of land on the east side of Hurffville Road, also designated as Route 41. Wolfson's development would include a Wal-Mart store and other retailers. Prior to September 1995, the Wolfson tract was zoned Office Campus (OC). Retailing is not a permitted use in the OC zone. Wolfson requested a zoning change from OC to Town Center (TC) to permit its planned development.
On July 26, 1995, the Township's Planning Board (Board) voted unanimously to recommend to the governing body that the Wolfson tract be rezoned. On August 23, 1995, the Board adopted a resolution memorializing its recommendation. On August 10, 1995, the governing body passed on first reading an ordinance rezoning the Wolfson tract from OC to TC. The ordinance was adopted on September 7, 1995. Both the Board and the governing body explained in detail their reasons for the rezoning, the Board in its memorializing resolution and the governing body in its ordinance. Both found the rezoning to be consistent with the master plan.
On the west side of Route 41, across from the Wolfson tract, is a residential area where plaintiffs reside. Tracts on the west side of Route 41, north and south of the residential area, are zoned TC. Plaintiffs perceive the rezoning of the Wolfson tract as an additional threat to their residential enclave.
Zoning of the Wolfson tract became controversial in 1988 when the Township was considering its master plan. In a July 1995 report, the Township's planning consultant summarized the planning history of the Wolfson tract:
The site is designated for office use in the Master Plan, and this is appropriately reflected by the current OC zoning classification.
However, during the early stages of the preparation of the master plan, preliminary drafts indicated that this area should be included as part of the Town Center District. The intent was to encourage large scale commercial development that would have facilitated the redevelopment of older, obsolete parcels in this section of the Township. The relative proximity of this area to the established commercial core and to the limited access highway network were also factors in the initial recommendation to designate the area as part of the Town Center.
Soon thereafter, and while the master plan was still under review by the Planning Board, a developer proposed a *1099 large shopping center on a tract which included all of the Wolfson tract plus additional lands to the north which extended as far as the present OC/TC zoning boundary, south of Deptford Center Road. The developer, Eileen Kirkwood, sought a zone change from the Township Council in advance of completion of the master plan. However, the proposal generated substantial opposition from residents living on the west side of Hurffville Road, on Melvina Road, McKee Avenue, and Little Drive. These residents based their opposition primarily upon anticipated traffic congestion resulting from the development. Township Council denied the rezoning request and, in response to that action by Council, the Planning Board voted to redesignate the entire area, from the shopping center site south to the TRC-1/R-20 zone boundary, as Office Campus.
The land use element of the master plan as adopted in 1988 designated the Wolfson tract as OC and the Township's zoning ordinance effected that designation.
N.J.S.A. 40:55D-64 requires the referral of any proposed zoning ordinance or amendment to the municipal planning board. N.J.S.A. 40:55D-26 (section 26) defines a planning board's function in this regard. It provides, in part, that prior to the adoption of an amendment to a zoning ordinance, "the planning board shall make and transmit to the governing body, within 35 days after referral, a report including identification of any provisions in the proposed ... amendment which are inconsistent with the master plan and recommendations concerning these inconsistencies...."
N.J.S.A. 40:55D-62a (section 62a) authorizes a governing body to adopt and amend zoning ordinances "substantially consistent" with the land use element of the master plan. The governing body may, however, adopt a zoning ordinance or amendment inconsistent with the master plan by "affirmative vote of a majority of the full authorized membership of the governing body. In such a case, the governing body's reasons for deviating from the master plan must be expressed in a resolution and recorded in its minutes."
The core issue is whether the amendment changing the Wolfson tract's zoning from OC to TC was "substantially consistent," section 62a, with the land use element of the master plan. We conclude that it was not.
In Manalapan Realty v. Township Committee of the Township of Manalapan, 140 N.J. 366, 658 A.2d 1230 (1995), the New Jersey Supreme Court determined that "the concept of `substantially consistent' permits some inconsistency, provided it does not substantially or materially undermine or distort the basic provisions and objectives of the Master Plan." Id. at 384, 658 A.2d 1230. Manalapan involved a challenge to a zoning amendment prohibiting the sale of lumber and building materials in the C-1 district. The Court held that the amendment was substantially consistent with the master plan which called for "mixed commercial uses within the C-1 district." Id. at 385, 658 A.2d 1230. The amendment continued mixed commercial uses in the C-1 district; it merely excluded the sale of lumber and building materials. The Court observed that "mixed" does not signify every type of commercial use. Ibid.
The facts in the present case differ significantly from those in Manalapan. Here, the Board in 1988 considered designating the Wolfson tract as TC, and an early draft of the master plan labeled the tract as TC. Opposition to that designation was generated by a specific development proposal. The opposition prevailed. The Board, in a studied and calculated decision, specifically designated the Wolfson tract and other lands as OC in the master plan's land use element, rejecting the initially proposed TC use. It is a fair inference that the OC designation was designed to protect the residential development *1100 across Hurffville Road from the traffic congestion and other consequences adverse to suburban living which a TC development would generate.
We acknowledge the principle that "the Board's determination of consistency is entitled to deference and great weight." Manalapan, supra, 140 N.J. at 383, 658 A.2d 1230. Nevertheless, the facts are not in dispute. The amendment at issue conflicts with the Board's rejection of TC zoning for this tract when it adopted the master plan, and it conflicts with the Board's adoption of OC zoning to protect the residential development across Hurffville Road. We conclude, therefore, that the amendment is not substantially consistent with the master plan.
Defendants and the trial court point to a paragraph in the master plan which, according to defendants' expert, demonstrates consistency between the zoning amendment and the master plan. It provides:
A new Town Center District (TC) is proposed for a large area centered on the Deptford Mall. Extending generally east of Route 55 and north of Cooper Street, the Town Center is intended to accommodate a wide variety of intensive commercial uses including shopping centers, office complexes, and hotel/ conference facilities. This area has already established itself as a commercial center and is well suited to this use because of access to both Routes 55 and 42 although improvements will be required to these and to the other arterial roads in the area: Clements Bridge, Almonesson, and Hurffville Roads.
This paragraph does not support the trial court's conclusion. In light of the rejection of TC zoning for the Wolfson tract, this paragraph cannot be read as including a reference to the tract. Its reference to Hurffville Road as in need of improvement adds nothing to the analysis. Moreover, the master plan states that one of the four office districts is "the area east of Hurffville Road."
Defendants also rely on Trust Co. of N.J. v. Planning Board of the Borough of Freehold, 244 N.J.Super. 553, 582 A.2d 1295 (App.Div.1990); Faulhaber v. Township Committee of the Township of Howell, 274 N.J.Super. 83, 643 A.2d 52 (Law Div.1994); and Cervase v. Kawaida Towers, Inc., 124 N.J.Super. 547, 308 A.2d 47 (Law and Ch.Div.1973), aff'd, 129 N.J.Super. 124, 322 A.2d 477 (App.Div.1974). They are inapposite.
In Trust Co. of N.J., we concluded "that adding one adjoining intersection lot to the Office-Professional zone" from the residential zone was substantially consistent with the master plan. 244 N.J.Super. at 566, 582 A.2d 1295. Thus, the deviation was minimal.
Faulhaber was a trial court decision in which the court's discussion of the issue of master plan consistency was dictum. The case was decided on the untimeliness of plaintiffs' complaint. Moreover, the master plan designations and history in Faulhaber differ markedly from the present case.
Cervase was decided before adoption of the Municipal Land Use Law which substantially elevated the significance of the master plan. See Medici v. BPR Co., 107 N.J. 1, 4, 19-21, 526 A.2d 109 (1987); see also East Mill Assocs. v. Township Council of the Township of East Brunswick, 241 N.J.Super. 403, 406, 575 A.2d 61 (App.Div. 1990) (observing that the MLUL "has enhanced planning and given it a prominent, indeed, critical, role in the zoning process," and holding that zoning amendment inconsistent with master plan was invalid where governing body's resolution of reasons was adopted 36 days after passage of amendment).
Defendants contend that the Legislature never intended the master plan to "control" zoning. We agree. But in this regard defendants miss the point. Inconsistency between a zoning amendment and the master plan is not fatal to a *1101 zoning amendment. It merely triggers two procedural requirements: a majority vote of the full authorized membership of the governing body and a statement of reasons. Section 62a does not require amendment of the master plan before an inconsistent ordinance is adopted.
Though we conclude that the amendment was not substantially consistent with the master plan, plaintiffs do not necessarily prevail. As previously indicated, a municipality may adopt a zoning ordinance amendment inconsistent with the master plan if it follows procedures required in section 62a. The amendment must be adopted by "affirmative vote of a majority of the full authorized membership of the governing body." The record indicates that the governing body consists of seven persons. Four of them voted in favor of the amendment, and two voted no. One member was absent. Thus, section 62a's voting requirements were met.
Section 62a also requires that the governing body's reasons for deviating from the master plan must be expressed in a resolution and recorded in its minutes. Section 62a. Although the governing body did not deem the amendment to be a deviation from the master plan, it did explain its reasons for changing the zoning from OC to TC. It expressed those reasons in a lengthy preamble in the proposed ordinance as adopted on first reading and as published in accordance with N.J.S.A. 40:48-1.
Section 26 requires a planning board to transmit a report to the governing body prior to the adoption of a zoning ordinance amendment. The report shall include "identification of any provisions in the proposed ... amendment which are inconsistent with the master plan and recommendations concerning these inconsistencies...." Here, the Board did not identify any inconsistencies, but it adopted a resolution regarding the amendment. The resolution incorporated the analysis of the Township's planning consultant, and explained the reasons for changing from OC to TC.
The remaining issue, which this court raises sua sponte, is whether the Board's resolution and the "Whereas" clauses in the ordinance effect compliance with sections 62a and 26, despite the absence of a finding of inconsistency. We are reluctant to address and decide this issue because the parties have not raised it and the trial court did not address it. Therefore, we remand to the trial court to address this issue, after affording counsel an opportunity to brief it and otherwise to be heard.
The order of July 14, 1998, determining that ordinance 0.17.95 is consistent with the master plan and, therefore, valid, is reversed. The case is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.[2]
NOTES
[1] Plaintiffs abandoned other claims.
[2] Although we do not retain jurisdiction, we urge the trial court to resolve the outstanding issue by January 31, 2000.